Ashcraft *v.* Chapman.

JOHN W. ASHCRAFT *vs.* SIMEON A. CHAPMAN.

The seal of a notary attached to a document he is authorized to execute, is received by force of commercial usage or positive law as sufficient evidence of his official character; but it is not the highest evidence, and the record of his appointment is receivable to prove that character.

Where a deposition was taken in another state by a notary public, who neglected to affix his notarial seal to his certificate, and his official character was proved by a certificate of the secretary of the state annexed to his certificate, the deposition was holden admissible.

Expenses necessarily incurred by one wrongfully injured, in hiring labor for his
   farm to perform work while he is disabled, which he would have performed if
   not disabled, is expense incurred as a direct consequence of the injury, and
   recoverable as such in an action for the injury.

TRESPASS for an assault and battery ; brought to the Superior Court in New London county, and tried to the jury, on the general issue, before *Phelps, J.*

Upon the trial the plaintiff offered in evidence the deposition of one Rhoda Straw of Northfield, in the state of Vermont. The deposition purported to have been taken before Charles L. Nichols, a notary public for the state of Vermont, at Northfield, and was certified to by him as such notary public, by signing his name and official title to the certificate, but without affixing his notarial seal. There was attached to the deposition and certificate the certificate of the secretary of the state of Vermont, in due form, certifying that the said Charles L. Nichols was a notary public at the time of signing the certificate, duly qualified, and that his signature to his certificate was genuine. The defendant was present at the taking of the deposition, with counsel, and cross-examined the witness. To the admission of this deposition the defendant objected, on the ground that the certificate of the notary was not properly attested, in not having attached to it his official seal, and was not therefore the official act of the notary. But the court overruled the objection and admitted the deposition.

No request was made by either party in writing to the court as to the charge to the jury, and the plaintiff did not make any claim that he was entitled to recover damages to cover counsel fees and expenses of this suit other than the taxable costs; but did claim, and requested the court to charge the jury, that if they found the conduct of the defendant to have been wanton and malicious, they were at liberty, and it was their duty, to give, in addition to remuneration for the actual injury inflicted upon the plaintiff, such additional sum as exemplary damages, as should be an example to the defendant, and encourage the injured party to seek redress in a court of law.

The court on this point charged the jury as follows : If you find the issue in favor of the plaintiff, in estimating his damages you should consider the money expended by him for necessary medical attendance, medicine and nursing, the amount necessarily paid by him for labor on his farm while he was disabled by his injuries, and the physical pain and suffering he experienced as the direct consequence of the defendant's assault.   And if you find the assault was wanton, malicious and aggravated, you may give, in addition to the actual damage, such a sum by way of exemplary or vindictive damages as will reasonably punish the defendant for such wantonness and malice ; and in estimating these damages, and as a part of them, you may include such reasonable expenses as the plaintiff has been obliged to incur in instituting and prosecuting his suit, for counsel and other fees, not including what he will recover in the bill of taxable costs.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the rulings and charge of the court.

*Hovey* and *Converse*, in support of the motion.

*Wait* and *Halsey*, with whom was *Copp*, contra.

BUTLER, C. J.   Notaries were originally mere commercial scriveners.   Becoming important to the commercial world, their appointment was provided for and their duties regulated by public law, and they became sworn public officers—*Notaries Public*—and their certificates were received as evidence of their official acts.   Afterward, as they were authorized or came to use seals, the impressions made by them were received as evidence of their official character.   And when as matter of convenience they have since been deputed or authorized to perform acts not commercial in their character, courts have continued to receive their certificates and seals as sufficient evidence of those facts.

But it does not follow that their seals are the highest and only evidence of their official character.   Appointed by state authority the record of their appointment is the highest evi-

dence of that character, and such evidence is always admissible, notwithstanding other evidence may by usage or positive law be also admissible. Nothing but the force of a statute can justify a court in excluding such evidence, and we have no such statute. The deposition was properly admitted.

The charge of the judge that the plaintiff was entitled to recover the amount necessarily expended by him for labor on his farm, while he was disabled by his injuries, was unexceptionable. In cases of this character the jury have a right to give as damages any expenses necessarily incurred by the injured party as a direct result of his injuries. The expenses incurred in this case for labor on the farm while he was disabled, and which would have been performed by him had he not been disabled, were clearly of that character.

A new trial is not advised.

In this opinion the other judges concurred.