# JOHN H. TRUITT

## *vs.*

## OLIVER D. COLLINS, CLERK OF THE CIRCUIT COURT FOR WORCESTER CO., AND J. SAMUEL PRICE.

*Public office: of "profit and trust"; municipal councilman. Supervisors of Elections: vacancy by acceptance of other office; appointment by Governor.*

In general, a position is a public office, when it is created by law, with duties cast upon the incumbent which involve the exercise of some portion of the sovereign power, and in the performance of which the public is concerned, and which are continuous in their nature and not occasional or intermittent.

p. 531

The test, also, to distinguish officers from simple servants, is the obligation to take the oath prescribed by law.          p. 531

The office of councilman in the municipal corporation of Snow Hill is "an office of profit" within the meaning of Article 35 of the "Declaration of Rights," and an "office of profit and trust" within the meaning of section 6 of Article 1 of the Constitution.          p. 532

A Supervisor of Elections was elected to, and accepted the position of councilman of a municipal corporation, and took the oath of office provided by law for such councilman, and accepted payment of the salary: *Held,* that such action caused a vacancy in the Board of Supervisors of Elections which the Governor had the right to fill by appointment.          p. 530

Such right to appoint was not affected by the subsequent resignation of the Supervisor as councilman.          p. 530

*Decided January 15th, 1914.*

Appeal from the Circuit Court for Worcester County. (JONES and STANFORD, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Robert F. Stanton* (with whom was *Charles O. Melvin* on the brief), for the appellant.

*Geo. M. Upshur* (with whom were *John H. Handy* and *Upshur & Upshur* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

On August 29th, 1913, John H. Truitt, a resident and voter of Worcester County, filed in the Circuit Court for that county a petition for a *mandamus* against Oliver D. Collins, the Clerk of that Court, and J. Samuel Price. The prayer of the petition was: "That a writ of mandamus, directed to the said Oliver D. Collins, Clerk of the Circuit Court for Worcester County, may issue, commanding him to administer the oath of office as Supervisor of Elections for Worcester County to your petitioner as required by section 3 of Article 33 of the Public General Laws of Maryland, and by section 6 of Article 1 of the Constitution of Maryland, and your petitioner further prays that a writ of mandamus directed to the said J. Samuel Price may issue, commanding him to surrender the office of Supervisor of Elections for Worcester County and refrain from interfering with the said John H. Truitt in the fulfillment and discharge of the duties of said office."

The Court passed a *nisi* order upon the petition requiring the defendants to show cause on or before the first day of September, 1913, why the writ should not be issued as prayed. The defendants answered, and a traverse of the material allegations of the answer was filed by the petitioner, issue was joined, and the case was heard by the Court by agreement of the parties. Testimony was taken, and on the

20th of October, 1913, the Court dismissed the petition with costs to the defendants, and from that order John H. Truitt has brought this appeal. The facts which give rise to the legal questions presented by the record are few and undisputed.

On the 20th day of April, 1910, the Governor of Maryland, by and with the advice and consent of the Senate, appointed J. Samuel Price to the position of Supervisor of Elections for Worcester County "to represent the Democratic party." He qualified under that appointment, and entered upon the discharge of the duties of the office, and has since that date been acting as Supervisor of Elections for Worcester County under that appointment (never having been reappointed to the office), and has since drawn the compensation provided by law for the discharge of the duties of the office.

On the 2nd day of May, 1910, J. Samuel Price was elected to the office of councilman of the municipal corporation, created by the Act of 1894, Chapter 455, known as the "Mayor and Council of Snow Hill," and qualified as such councilman by taking the oath prescribed by that Act on the 16th day of May, 1910, before the Clerk of the Circuit Court for Worcester County. He entered upon the duties of that office, received the compensation provided by law, and continued to discharge its duties until May, 1912, when he was again elected as councilman of said corporation and again qualified for such office by taking the prescribed oath before the Clerk. He acted as such councilman and drew the salary attached to the office until April 22nd, 1913, on which day he sent his resignation as councilman to the Mayor and Council of Snow Hill. This resignation was duly accepted. It is important to note that in May, 1912, John H. Blades was appointed and qualified as one of the Supervisors of Election for Worcester County as the representative of the Democratic party, and that he has ever since held that position.

Md.] ·

On the 23rd of May, 1913—during the recess of the Senate—the Governor appointed the appellant a Supervisor of Elections for Worcester County, "to fill the vacancy caused by the acceptance of Mr. J. Samuel Price of the office of Town Councilman of Snow Hill, Maryland, in said Worcester County, said acceptance being subsequent to his appointment and qualification as Election Supervisor of said Worcester County."

This commission was received by the Clerk of the Circuit Court for Worcester County on May 24th, 1913, and two days thereafter—before the appellant had an opportunity to present himself before the clerk to take the oath of office—an injunction was issued at the suit of Price against Collins, the Clerk, and Truitt, enjoining Collins, as Clerk, from swearing in Truitt as a Supervisor of Elections, and restraining Truitt from taking the oath of office. On July 3rd, 1913, Truitt demurred to the whole bill, but the Court did not dispose of the demurrer until August 22nd, 1913, on which day it sustained the demurrer, dissolved the injunction, and dismissed the bill, and on the same day the plaintiff appealed.

In an opinion filed December 11th, 1913, this Court affirmed the order appealed from on the ground that a court of equity in this State had no jurisdiction to grant the relief prayed. The Court further said that if John H. Truitt were constitutionally appointed, he was not only entitled to take the oath of office, but he was entitled to succeed Price as Supervisor of Elections for Worcester County. But as the questions raised were purely legal, it was held that they must be heard and determined in a court of law.

On the 23rd day of August, 1913, the day following the order of the lower Court dissolving the injunction and dismissing the bill and after the appeal in that case had been taken, the Governor issued another commission to John H. Truitt appointing him "a Supervisor of Elections for Worcester County, Maryland, for the remainder of the period of two years from the first Monday in May, A. D. 1912, vice

John H. Truitt, failed to qualify by reason of a restraining
order of the Circuit Court for Worcester County, sitting as
a court of equity, under a commission from me, as Governor
of Maryland, to said Truitt, dated 23rd day of May, A. D
1913." This commission was received by the clerk on Au-
gust 26th, 1913. Mr. Truitt went to the Clerk's office, saw
his commission and asked to be sworn in. The clerk refused
to administer the oath, giving as a reason for his refusal
that an appeal had been taken from the order in the equity
case referred to above.

Upon this state of facts, the important question in the
case is this: Was there a vacancy existing in the office of
Supervisor of Elections for Worcester County on the 23rd
day of May, 1913, which the Governor had the power to
fill and which he has in fact filled by the appointment of
John H. Truitt? If a vacancy existed there can be no
doubt that the Governor had the power to fill it by appoint-
ment. This power was vested in him both by the Constitu-
tion (Article 2, section 11) and by Article 33, section 4,
Code of 1912. It is admitted that J. Samuel Price was
elected to the office of councilman of the Mayor and Council
of Snow Hill, and that he took the oath of office prescribed
by the Act, and that he did in fact *accept* said office and
occupy it until his resignation on the 22nd day of April,
1913.

Article 35 of the Declaration of Rights declares: "That
no person shall hold, at the same time, more than one office
of profit, created by. the Constitution and Laws of this
State, etc." If the position of councilman, which Mr. Price
*accepted,* is an office of profit within the meaning of the
above quoted Article of the Declaration of Rights, then it is
clear, *first,* that the *acceptance* of that office *vacated* his office
of Supervisor of Elections; that from that date a vacancy
existed in the office of Supervisor of Elections for Worcester
County which the Governor had the power to fill, and that
the resignation of the office of councilman in April, 1913,
did not operate to restore the appellee to the office of Super-

visor of Elections. This legal position is not disputed; but it is contended that the position of councilman of the Mayor and Council of Snow Hill is not an "office" within the meaning and intent of the above quoted article of the Declaration of Rights and of section 6, Article 1 of the Constitution.

That it is an office in some sense can not be denied. It is spoken of in the Act as an office and it certainly is one of profit and trust. An examination of the charter will disclose that many of the powers of sovereignty were conferred upon the corporation. An enumeration of some of these sovereign powers of government will be found in section 16 of the charter. Section 6 of the charter declares that any person elected as Mayor or Councilman "shall, before he enters upon the duties of his office, make oath before the Clerk of the Circuit Court for Worcester County, that he will diligently and faithfully, without favor, partiality or prejudice, perform the duties of such Mayor and Councilman, &c."

There has been a great number of cases, arising under different conditions of fact and circumstances, in which the question as to what constitutes a "public office" has been considered and decided. In an elaborate note to the case of *Attorney-General* v. *Tillinghast,* 203 Mass. 539, reported in 17 Am. & Eng. Anno. Cases, 449, the general result of the decisions upon the subject is thus stated: "It may be stated as a general rule, fairly deducible from the cases discussing the question, that a position is a public office when it is created by law, with duties cast upon the incumbent which involve the exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature, and not occasional or intermittent." The duty to take an oath of office has been considered in many cases as a strong circumstance in determining the character of the position, and this criterion is considered in this State to be of the greatest importance. In *School Commissioners* v. *Goldsborough,* 90 Md. 193, JUDGE McSHERRY, adopting *Collins* v. *New York,* 3

Hun. 680, and *Bunn* v. *People* 45 Ill. 397, said: "Probably the *true test* to distinguish officers from simple servants is the obligation to take the oath prescribed by law." This test has been recognized in *Baltimore City* v. *Lyman,* 92 Md. 591, and in *Clark* v. *Harford Agricultural, etc., Asso.,* 118 Md. 608.

In view of the duties and the nature and extent of the powers conferred by the Act of 1894, Chapter 455, upon the Mayor and Council of Snow Hill and of the fact that the Mayor and Councilmen were required to take an oath of office before entering upon their duties, we hold that the position of councilman in the municipal corporation of the Mayor and Council of Snow Hill is an "office of profit" within the meaning of Article 35 of the Declaration of Rights, and that it is an "office of profit and trust" within the meaning of section 6, Article 1 of the Constitution. There is nothing in the cases of *Commissioners* v. *Goldsborough, supra,* and *Clark* v. *Agricultural, etc., Asso., supra,* when the distinguishing facts of those cases and the reasons upon which the decisions rest are considered, in conflict with the conclusion we have reached.

It follows that John H. Truitt was constitutionally appointed as one of the Supervisors of Elections for Worcester County and that he is entitled to that office. We find nothing substantial in any of the other objections suggested by the appellee, and they will not be discussed. The order appealed from will be reversed and the case remanded, to the end that the writ of mandamus may issue as prayed.

> *Order reversed, and case remanded, with directions to issue the writ of mandamus as prayed, the appellees to pay the costs above and below.*