## NESBITT *v.* FALLON
[No. 100, October Term, 1953.]

*Decided January 11, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*C. Maurice Weidemeyer,* with whom were *Basil E. Moore, Jr., Louis M. Strauss* and *Morris Turk,* on the brief, for appellant.

*Hyman Ginsberg,* with whom were *Ginsberg and Ginsberg,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Anne Arundel County granting the appellee, Elton Fallon, petitioner below, a writ of mandamus commanding the appellant, George F. Nesbitt, to vacate the office as a member of the Board of License Commissioners for Anne Arundel County, (the Board), and ordering the chairman of the Board to recognize the petitioner, Elton Fallon, as a member, and further directing the County Commissioners of Anne Arundel County to pay the appellee his salary as a member of the Board from the first Monday in May, 1953.

The facts of the case substantially follow. On November 26, 1952, when the Senate of Maryland was not in session, Governor Theodore R. McKeldin appointed as members of the Board: Albert Clauss, Henry Klug and George F. Nesbitt, for a term of two years beginning on December 1, 1952. George F. Nesbitt took

the oath of office on December 5, 1952, and thereafter began to serve as a member of the Board. When the General Assembly of Maryland met in January, 1953, for its regular session, the Governor submitted the names of the three men, previously appointed by him, to the Senate for confirmation as members of the Board. The appointments of Albert Clauss and Henry Klug were confirmed by the Senate but that of George F. Nesbitt was rejected. Thereafter the Governor submitted the name of the appellee, Elton Fallon, to the Senate and he was confirmed as a member of the Board. On April 8, 1953, the Governor issued a commission to the appellee, who took the oath of office before the Clerk of the Circuit Court for Anne Arundel County on April 10, 1953. The commission recited that Fallon had been appointed for the "remainder of two years from December 1, 1952."

The appellee appeared at the next regular meeting of the Board after he was appointed for the purpose of serving as a member. He was notified by the chairman that the Board recognized Mr. Nesbitt as a member and that the appellee would not be permitted to participate in any of its meetings. The appellee, however, attended further meetings of the Board, but was not permitted to act as a member. Mr. Nesbitt continued to act. Neither the appellee nor Mr. Nesbitt were paid any salary by the County Commissioners because of the dispute as to membership on the Board. On August 6, 1953, the appellee filed a petition for a writ of mandamus to compel Mr. Nesbitt to vacate the office, to command the chairman to recognize the petitioner as a member, to command the County Commissioners for Anne Arundel County to recognize petitioner as a member of the Board, and to pay his salary as such member. From an order granting the relief prayed, the appellant appeals here.

The appellee has filed in this Court a motion to dismiss the appeal. He alleges that as a result of the writ of mandamus issued below, at the meeting of the Board

held on Tuesday, October 20, 1953, Albert Clauss, the Chairman, recognized the appellee, Elton Fallon, as a member of said Board and allowed him to perform as such member all the lawful duties and functions of his office. On October 30, 1953, George F. Nesbitt entered an appeal to this Court from the granting of the writ of mandamus on October 15, 1953. Appellee contends that as the commands of the writ of mandamus have been performed by the recognition of Elton Fallon, the appellee, as a member of the Board, where he was allowed to perform as such member all the lawful duties and functions required by his office, the appeal of George F. Nesbitt has become moot. Also that George F. Nesbitt has no interest in this appeal because, even if Elton Fallon is not entitled to the office, the said George F. Nesbitt would not be entitled thereto under any circumstances. However, it appears from the record before us that the trial judge stayed the writ of mandamus upon the filing of a bond in the amount of $1,000.00 by the appellant. It is also stated, without denial, that after the staying of the writ of mandamus, the Board, on November 3, 1953, unseated the appellee, Elton Fallon, as a member of the Board and reseated appellant, George F. Nesbitt, pending the review of the order by this Court. It is therefore evident that the question is not moot but requires a final decision here.

The question before us is whether the appellant or the appellee is entitled to the office in question. Appellant has no quarrel with the facts stated in the opinion of the lower court. He disagrees, however, with the conclusions of law therein. Chap. 84, Sec. 390C, of the Acts of the Extraordinary Session of the General Assembly in 1933, provided:

"If it shall appear from the results of said election that a majority of the votes in any of said districts are in favor of the sale of said alcoholic beverages, the Governor shall appoint a Board of three License Commissioners for Anne Arundel County, who shall receive

'an annual salary of Two Hundred Dollars ($200.00) per annum, payable by the Board of County Commissioners for Anne Arundel County out of the proceeds of liquor license fees in said County. Said Board shall exercise all of the powers conferred upon such a Board, and the members shall possess all of the qualifications prescribed, by Chapter 2 of the Acts of the Extraordinary Session of the General Assembly of 1933. They shall hold their office for the term of one year from the date of their appointment and thereafter shall be appointed by the Governor for a term of two years as prescribed by said Chapter 2 of the Act aforesaid and be subject to removal as provided in said Act. The result of the election to be held in accordance with this Act shall become effective on December 1, 1934."

The result of the aforesaid election was in favor of the sale of alcoholic beverages. As provided therein, the then Governor appointed three persons as members of the Board for a term of one year beginning on December 1, 1934. These appointments were submitted to and confirmed by the 1935 Session of the Senate. Successors were appointed for terms of two years beginning on December 1st; subsequently all appointments began on December 1st, and were later submitted to and confirmed by the Senate. The only exceptions were in the appointments for the terms beginning on December 1, 1944, when apparently no appointments were made, and on December 1, 1950, when the appointments were not submitted to the General Assembly for consideration. No explanation appears for these omissions. In 1952 the Governor appointed as aforesaid Messrs. Clauss, Klug and Nesbitt, with the results which have been stated.

By Chapter 999 of the Acts of 1943, effective April 21, 1943, the General Assembly specifically repealed Sec. 390C, Chap. 84 of the Acts of the Special Session

of 1933, hereinbefore quoted, and enacted new sections to be added to Article 2B of the 1939 Code. Sec. 60A, Chap. 999 of the Acts of 1943, provided, among other things, that Sec. 60, Art. 2B of the Annotated Code of Maryland, "shall apply to Anne Arundel County". Sec. 60, Art. 2B of the 1939 Code, had provided in part that:

> "(Boards of License Commissioners—Appointments and Qualifications). The Governor, biennially, by and with the advice and consent of the Senate, if in session, and if not in session, then the Governor alone, shall appoint in Baltimore City, and [counties named, not including Anne Arundel] three persons who shall constitute and be styled 'the Board of License Commissioners for Baltimore City or . . . County,' as the case may be."

This Section also specified the qualifications of the Board members. Sec. 60A, Ch. 999, Acts of 1943, *supra,* therefore added Anne Arundel County to Sec. 60, Art. 2B, *supra.*

By Ch. 501, Acts of 1947, the Alcoholic Beverages law, 1939 Code, Art. 2B, and all amendments and additions thereto, were specifically repealed, and a new beverage law was enacted thereby, now Art. 2B, 1951 Code. Sec. 130, Ch. 501, Acts of 1947, now Sec. 139, Art. 2B, 1951 Code, now provides:

> "(Appointed by Governor and Senate.) (a) (Qualifications.) For the jurisdictions in which this section is effective, the Governor, biennially, by and with the advice and consent of the Senate, if in session, and if not in session, then the Governor alone, shall appoint three persons who shall constitute and be styled 'The Board of License Commissioners for Baltimore City or . . . County', as the case may be. In making said appointments, the Governor shall designate one of the appointees in Baltimore City and each of said Counties to be the Chairman of the respective Boards. Said Com-

missioners shall be residents and voters of Baltimore City or the respective Counties, as the case may be, and they shall be men or women of high character and integrity and of recognized business capacity. In the case of any vacancies in the number of said License Commissioners in Baltimore City or in any County occurring when the Legislature is not in session, the Governor shall appoint some eligible person to fill the vacancy during the remainder of the term of office of the person originally appointed. * * * (g) (Applicability). This section shall be applicable in Baltimore City, and (except as otherwise provided) in Allegany, Anne Arundel, * * *" and other counties mentioned.

The appellant argues that when Sec. 390C, Acts of 1933, was repealed by Ch. 999, Acts of 1943, there then was in existence a Board duly created under Sec. 390C, *supra*; at that time there was a definite need for the Board; and there was no law taking away the duties from the Board. He contends that when the Legislature repealed the law, under which the Board was appointed, without abolishing the then Board and also without extending or limiting the terms of office or time for which they had been appointed, it was the intent of the Legislature to allow the Board, then in existence, to remain and continue under the appointments until the expiration of its term of office. For that reason, the Board in existence in 1943 remained in office until the expiration of its term, namely December 1, 1944. On account of the failure of the Governor to appoint a new Board on December 1, 1944, that Board remained in office until a new Board was appointed on December 31, 1946, and it has been the practice for every Board to be appointed bi-annually thereafter for a two year period beginning December 1st. He therefore contends that Sec. 390C, *supra,* was only partially repealed, confirmation by the Senate is not necessary, and that appellant's term of office was for the remainder of two

years from December 1, 1952, and continues until December 1, 1954. With appellant's contentions we do not agree.

In answer to these contentions, it is only necessary to say that Ch. 999, Acts of 1943 specifically repealed Sec. 390C, Ch. 84 Acts of 1933 (Sp. Sess.) in its entirety. Ch. 999, Acts of 1943, provided for the creation of a new Board. The appointments of the Governor in 1942 were submitted to the Senate in 1943. If the Legislature had desired to continue the Board as created under Sec. 390C, *supra,* and to continue their terms as therein provided, it would have only been necessary for it to have so said. Therefore, after the repeal of Sec. 390C, Ch. 84, Acts of the Special Session of 1933, by Ch. 999, Acts of 1943 and the enactments thereof, and after the enactment of Ch. 501, Acts of 1947, there was no local statute, or other statutory enactment, fixing the beginning and ending of the terms of office of members of the Board in Anne Arundel County. Sec. 139, Art. 2B, 1951 Code, *supra,* contains no dates for the beginning and ending of the terms of the Board members. Art. 2B, 1951 Code, *supra,* although not providing for Anne Arundel County, provides for the term of office of the members of the Board of License Commissioners in some of the counties of the State other than Anne Arundel.

Sec. 10, Art. 2, Constitution of Maryland, provides:
"He [the Governor] shall nominate, and by and with the advice and consent of the Senate, appoint all civil and military officers of the State, whose appointment or election is not otherwise herein provided for; unless a different mode of appointment be prescribed by the Law creating the office."

It is provided by the Constitution, Art. 2, Sec. 13, as follows:
"All civil officers appointed by the Governor and Senate shall be nominated to the Senate within fifty days from the commencement of

each regular session of the Legislature; and their term of office, except in cases otherwise provided for in this Constitution, shall commence on the first Monday of May next ensuing their appointment, and continue for two years (unless removed from office), and until their successors, respectively, qualify according to Law; but the term of office of the Inspectors of Tobacco shall commence on the first Monday of March next ensuing their appointment."

The appellant strenuously contends that Art. 2, Secs. 10 and 13 of the Constitution, are not applicable here and confirmation by the Senate is not required. With this contention we do not agree. As pointed out by the trial judge in his able opinion, the sub-heading of Art. 2B, Sec. 139, 1951 Code, *supra,* "Appointed By Governor And Senate" and the words "* * * the Governor, biennially, by and with the advice and consent of the Senate, if in session, and if not in session, then the Governor alone, shall appoint three persons, * * *" clearly indicate that confirmation by the Senate is necessary. The case of *Riggin v. Lankford,* 134 Md. 146, involved the appointment of a supervisor of elections for Somerset County. The then Code, Sec. 1, Art. 33, provided that the Governor biennially by and with the advice and consent of the Senate if in session, and if not in session, then the Governor alone, shall appoint in each and every county of the State and in the City of Baltimore, three persons who shall constitute and be styled The Board of Supervisors of Election of the respective counties and of said city. It further prescribed the qualifications of such appointees, and declared that they shall hold office for two years and until their successors are appointed and qualified. It was said in that case: "The sole question presented by the appeal is one of law, and is this: Did the Governor have the power to appoint the appellant at

the time he did appoint him? The statute creating the office clearly contemplates that the members of the board should be primarily appointed biennially by the Governor by and with the advice and consent of the Senate, * * * Supervisors of Elections being civil officers, it was the plain duty of the Governor, both by the Statute and under section 13, Article 2, of the Constitution, to send the names of the nominees to the Senate within fifty days of the commencement of its session." The pertinent words above from Sec. 1, Art. 33, in the above opinion, are practically identical with those in Sec. 139, Art. 2B, *supra.*

Following the decision in *Sappington v. Slade,* 91 Md. 640, it was held in *Riggin v. Lankford, supra,* that the office of supervisor of election was a civil office within the meaning of Sec. 10, Art. 2 of the Constitution. We are of opinion that a member of the Board of License Commissioners for Anne Arundel County occupies a civil office, covered by Art. 2, Sections 10 and 13, of the Constitution. The term "civil office" seems to be synonymous with "public office". Public office has been defined by this Court in the case of *Buchholtz v. Hill,* 178 Md. 280, at page 283, as follows: "It is well established that a position is held to be a public office when it has been created by law and casts upon the incumbent duties which are continuing in their nature and not occasional, and which call for the exercise of some portion of the sovereignty of the State. The most important characteristic of a public office, as distinguished from any other employment, is the fact that the incumbent is entrusted with a part of the sovereign power to exercise some of the functions of government for the benefit of the people."

Under the provisions of Code, 1951, Art. 2B, Sec. 149, the Boards of License Commissioners are authorized to issue alcoholic beverage licenses. Under Art. 2B, Sec. 149 (c) (3), the Board for Anne Arundel County, in exercising its functions, must consider the safety, health and morals of the community. Also in Anne Arundel

County, except in the Sixth District, under the provisions of Art. 2B, Sec. 183, the Board has the power to call upon other administrative departments of the County and all prosecuting officers for such information and assistance as it may deem necessary to carry out the provisions of the Alcoholic Beverage Act. In *Calvert County v. Monnett,* 164 Md. 101, the county treasurer of Calvert County was held to be a public officer or civil officer of the State within the meaning of the Constitution even though the office had been created, as in the instant case, by the Legislature and not by the Constitution. *Buchholtz v. Hill, supra,* 284. In *Driscoll v. Burlington-Bristol Bridge Co.,* 10 N. J. Super. 545, 77 A. 2d 255, members of a county bridge commission were held to be public officers. In *McCarthy v. State,* Sup. Ct. of Ariz., 101 P. 2d 449, where it was held that the county welfare board was a public office, it was said: "The county welfare board performs an important public duty and membership on same constitutes a high public trust." In *Smoot v. Somerville,* 59 Md. 84, in referring to the language used in Sec. 13, Art. 2, and other sections of the Constitution, this Court there said: "From the language employed in these sections it is manifest that the power of appointment to all civil offices was intended to be, and was, confided, not to the Governor alone, but to the *Governor and Senate,* and that the Governor has no power to appoint to office, without the advice and consent of the Senate, except to fill vacancies in offices which may occur during the recess of the Senate, or as provided by sec. 14, within ten days before its final adjournment." This same language was quoted in *Cull v. Wheltle,* 114 Md. 58, 90-91.

We must therefore conclude that, as the statute, providing for the appointment of the members of the Board in Anne Arundel County, requires the appointment by the Governor with the advice and consent of the Senate, and does not specify the term of office, and as a member of the Board occupies a civil office, the Constitution of Maryland, Art. 2, Sections 10 and 13, govern the ap-

546

pointment and term of office here, and the order appealed from should be affirmed. As Article 2, Section 13 of the Constitution applies here, the term of office of the appellee and of the other members of the Board began on the first Monday in May, 1953.

*Order affirmed, with costs.*