## MOSER *v.* BOARD OF COUNTY COMMISSIONERS OF HOWARD COUNTY ET AL.

[No. 372, September Term, 1963.]

*Decided June 11, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Charles E. Hogg* and *T. Hunt Mayfield* for appellant.

*Robert E. Wieder,* with whom was *Lewis Straughn Nippard* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

The only question presented by this appeal is whether Leroy C. Moser (the appellant) vacated his office as a member of the Howard County Metropolitan Commission (the Commission) by accepting an appointment and qualifying as a notary public. Since membership on the Commission is an office of profit, *Howard County Metropolitan Commission v. Westphal,* 232 Md. 334, 193 A. 2d 56 (1963), the answer necessarily depends on whether or not the office of notary public is also an office of profit within the meaning of Article 35 of the Maryland Declaration of Rights. The lower court ruled that it was, and we agree.

The facts are not in dispute. The appellant was appointed as a member of the Commission by the County Commissioners of Howard County on February 10, 1959, for a term of six years. In May of 1963, the appellant was recommissioned as a notary public for Howard County and promptly qualified as such. He resigned the office of notary public on September 18, 1963. But on October 10, 1963, the County Commissioners passed a resolution declaring that the acceptance by the appellant of the notarial commission had the effect of vacating his office as a member of the Commission, and appointed Sherwood H. Balderson to fill the unexpired term of the vacated office.

Article 35 of the Declaration of Rights provides that "no person shall hold, at the same time, more than one office of profit, created by the Constitution or Laws of this State." An office of profit has been variously described in the cases as one that has been created by law and casts upon the incumbent duties which are continuing in nature and not occasional, *Buchholtz v. Hill,* 178 Md. 280, 283, 13 A. 2d 348 (1940) ; as one in which the incumbent performs an important public duty, *Nesbitt v. Fallon,* 203 Md. 534, 545, 102 A. 2d 284 (1954) ; as one which calls for the exercise of some portion of the sovereign power of the State, *Pressman v. D'Alesandro,* 211 Md. 50, 55, 125 A. 2d 35 (1956) ; as one having a definite term for which a commission is issued, an official bond is required and an oath is prescribed, *Hetrich v. County Commissioners of Anne Arundel County,* 222 Md. 304, 307, 159 A. 2d 642 (1960) ; and as one of dignity and importance, *Gary v. Board of Trustees of Employees' Retirement System,* 223 Md. 446, 450, 165 A. 2d 475 (1960). In general, the facts and circumstances in each case and the nature and effect of the particular provision of law by which the office was created, govern the determination as to whether the office in question is one of profit. *Howard County Metropolitan Commission v. Westphal, supra* (at p. 341 of 232 Md.).

Section 45 of Article IV of the Constitution of Maryland provides for the appointment of notaries public "in the manner, for the purpose, and with the powers" prescribed by law. Article 68 of the Code of 1957 (entitled "Notaries Public") implemented the constitutional provisions. The office of notary

public is an ancient one. *Opinion of Justices,* 62 Atl. 969 (N. H. 1906). Although Roman in origin, the office was known to merchants and traders in England before the Norman Conquest. In the civil law countries notaries public have a variety of important duties. In the common law countries, the duties of the office are more limited but are nonetheless important and essential. 39 Am. Jur., *Notary Public,* §§ 1-3; 66 C.J.S., *Notaries,* § 1a,b. In this State, as in most other states in this country, a notary public has power to administer oaths in all matters of a civil nature and certify that fact under his notarial seal as sufficient evidence of his having administered such oath, to receive proof or acknowledgment of deeds and other instruments of writings relating to commerce and navigation and such other writings as have been usually proved and acknowledged before notaries public, and to make protests and declarations respecting negotiable instruments and testify the truth thereof under seal concerning all matters done by virtue of his office. Code, Art. 68, §§ 3, 4.

Although we have not heretofore had to decide the specific question presented by this appeal, the opinion of this Court in *Torcaso v. Watkins,* 223 Md. 49, 162 A. 2d 438 (1960), reversed on other grounds in 367 U.S. 488 (1961), would seem to compel a ruling in the instant case that a notary public is a public officer, since we said without further comment in that case (where such status was essential to the ruling made) that it was "conceded that the office of notary public is an office of profit or trust." However, there was no reason to spell out in *Torcaso* the ruling we are required to make in this case. Nor are we impressed with the distinction the appellant attempts to draw—concerning the status (*i.e.,* public servant or public officer) of a notary public—between Articles 35 and 37 of the Declaration of Rights. We see no reason in this case to differentiate between the use of "office of profit" in Article 35 and "office of profit or trust" in Article 37.

We think that the office of notary public is an office of profit. While it is true that each case must be decided on the law and facts of that particular case and that no one of the tests available for that purpose is conclusive, it seems that the office of notary public may be tested by most, if not all, of the tests

usually applied to determine whether a public servant is or is not a public officer. The office is a constitutional one and the powers a notary is authorized to exercise are prescribed by law. Not only is he required to perform essential and important duties with integrity, diligence and skill, but, in so doing, since his office is a creature of the basic law, a notary public exercises such portions of the sovereign power of the State for the convenience of the public as are delegated to him. A definite tenure in office is fixed by law. He need not file an official bond since none is now required, but he is issued a formal commission and is required to take the constitutional oath of office (though he is no longer required to declare his belief in the existence of God) in order to qualify for the office to which he is appointed. In addition to these tests, it should not be overlooked, since a notary public is entitled to fees for services rendered, that an office to which fees, a salary or other compensation is attached, is ordinarily an office of profit. *Mechen on Public Offices and Officers,* § 13. The amount received is immaterial. It is the presumably adequate compensation derived from the office that fixes the character of the office as one of profit.

A vast majority of the courts in other jurisdictions have held that the office of notary public is a public office. We cite only a few of many cases. See *Ashcraft v. Chapman,* 38 Conn. 230 (1871) ; *Commonwealth v. Haines,* 97 Pa. 228 (1881) ; *May v. Jones,* 88 Ga. 308 (1891) ; *State ex rel. Summerfield v. Clark,* 31 Pac. 545 (Nev. 1892) ; *People v. Rathbone,* 40 N. E. 395 (N.Y. 1895) ; *Stork v. American Surety Co.,* 33 So. 742 (La. 1903) ; *State ex rel. Gray v. Hodges,* 154 S. W. 506 (Ark. 1913) ; *Clapp v. Miller,* 156 Pac. 210 (Okla. 1916) ; *Pitsch v. Continental & Commercial National Bank,* 137 N. E. 198 (Ill. 1922) ; *Harris v. Watson,* 161 S. E. 215 (N. C. 1931) ; *Kip v. People's Bank & Trust Co.,* 164 Atl. 253 (N.-J.L. 1933). In *State ex rel. Summerfield v. Clark, supra,* a Nevada case, it was held that a notary public was a public officer and that the office was one of profit within the meaning of a constitutional provision similar (although more comprehensive) to Article 35 of the Maryland Declaration of Rights. Similarly, in *Harris v. Watson, supra,* a North Carolina case, it was held that the position of notary public was a public office within the

284

meaning of a constitutional provision (prohibiting an office-holder from holding any other office or place of trust or profit) and that the officeholder, by accepting an appointment as a notary public, thereby vacated his office as a county commissioner.

We hold that Leroy C. Moser, upon accepting the appointment as a notary public and qualifying as such by taking the oath of office, thereby vacated his office as a member of the Metropolitan Commission. See *Truitt v. Collins*, 122 Md. 526, 89 Atl. 850 (1914).

For the reasons stated herein the order of the lower court vacating the office of the appellant as a member of the Commission will be affirmed. And, for the reasons assigned by Judge Macgill for requiring Howard County to pay the costs below, the costs on appeal shall also be paid by the County. See Maryland Rule 882 a.

> *Order of Court affirmed; the costs on appeal to be paid by the Board of County Commissioners of Howard County.*