Dear Mr. Hemphill:
You have requested our opinion whether the Maryland Constitution prevents you from serving as both a deputy clerk of the Circuit Court for Washington County and as a member of the General Assembly.[1]
Our opinion is that simultaneous service in these posts would not violate either the dual office prohibitions in Article 35 of the Declaration of Rights and Article III, § 11 of the Constitution or the separation of powers doctrine embodied in Article 8 of the Declaration of Rights. Prior opinions of the Attorney General, which were issued before voter approval in 1990 of changes to Article IV, § 26 of the Constitution and which would mandate a contrary result, are overruled.
 I Deputy Clerks and Dual Office Prohibitions: The Law Prior to 1990
Article III, § 11 of the Constitution provides, in relevant part, that "[n]o person holding any civil office of profit, or trust, under this State shall be eligible as Senator or Delegate . . . ." Article 35 of the Declaration of Rights also states, in relevant part, that "no person shall hold, at the same time, more than one office of profit created by the Constitution or Laws of this State. . . ."[2] Service in the General Assembly by a deputy clerk of court would violate these constitutional prohibitions if, but only if, the position of deputy clerk is a public "office."
In a series of opinions beginning nearly 70 years ago, the Attorney General's Office concluded that a deputy clerk of court was the holder of an office of profit and trust. See 13 Opinionsof the Attorney General 209 (1929); 26 Opinions of the AttorneyGeneral 337 (1941); 32 Opinions of the Attorney General 240 (1947).[3] This conclusion rested on a number of rationales: (1) the deputy clerk's position was "created" by the Constitution, namely Article IV, § 26; (2) the deputy was required to take an oath, pursuant to a provision now found in § 2-104
of the Courts and Judicial Proceedings ("CJ") Article, Maryland Code; and (3) appellate opinions described the deputy clerks as "agents and officers of the court," not "mere agents of the Clerk." SeeO'Leary v. Shipley, 313 Md. 189, 191 n. 1, 545 A.2d 17 (1988);State, Use of Smith v. Turner, 101 Md. 584, 591, 61 A. 334
(1905).[4] Perhaps the most telling factor warranting public officer status for a deputy clerk was the pre-1990 language of Article IV, § 26 of the Maryland Constitution, which provided as follows:
 The Clerks shall appoint, subject to the confirmation of the Judges of their respective Courts, as many deputies under them, as the Judges deem necessary, to perform, together with themselves, the duties of the office, who shall be removable by the Judges for incompetency, or neglect of duty, and whose compensation shall be determined by law. In Washington County, all deputy clerks and other employees of the office of the clerk shall be appointed and be removable according to the merit procedure established by law for these deputies and employees. All deputy clerks and other employees of the office of the Clerk of the Circuit Court for Baltimore City, excepting the Clerk, shall be selected and be removable according to a procedure established by law for those deputies and employees.
(Emphasis added.)[5] In essence, Article IV, § 26, as then worded, not only mandated the appointment of deputy clerks, seeState, Use of Smith v. Turner, 101 Md. at 590, but also required deputies to share in the exercise of the duties of the office. For these reasons, the Attorney General correctly concluded, under the law at the time, that a deputy clerk was the holder of the public office.
 II Deputy Clerks and Dual Office Prohibitions: Impact of 1990 Constitutional Amendment
In 1990, Article IV, § 26 was substantially altered to its present form: "Deputy clerks and other employees of the office of the Clerk shall be appointed and removed according to procedures set by law." (Emphasis added.) As a result of the amendment, § 26 no longer requires the deputies to share in the exercise of the authority of a public officer, namely the Clerk of a court. Rather, § 26 grouped deputies with "employees." In addition, the Constitution no longer could be said to create the post of deputy clerk or to subject it to a measure of circuit court control. Rather, the contours of the position were left to the General Assembly (by statute) and the Court of Appeals (by rule) to determine.
In 1990, the General Assembly enacted CJ, § 2-505(b): "The procedure for appointment and removal of personnel in the clerk's office shall be as provided by rules adopted by the Court of Appeals. Those rules may provide whether the positions shall be in the classified service or unclassified service of the State Personnel Management System or in the personnel system of the Judicial Branch." An uncodified provision in the 1990 legislation also provided that "the Deputy Clerks and the employees of the Offices of the Clerks of Court who hold their positions as of June 30, 1990 shall continue to do so without diminution of salary, benefits, rights or privileges." Chapter 515, Laws of Maryland 1990, Section 4.
In response to the 1990 legislation, the Court of Appeals adopted the predecessor of what is currently Maryland Rule 16-301, which, among other things, created the singular post of Chief Deputy Clerk and provided that "[a]ll other employees in the Clerk's office shall be subject to a personnel system" based "on merit principles." Rule 16-301 c also grandfathered certain "appointed official" pension rights for deputy clerks, but also stated that deputies "shall have no fixed term and shall in all respects be subject to the personnel system."
In our opinion, the sum and essence of these changes is to treat deputy clerks like employees, not officers. The position is not created by law and has no term. Although deputies still take an oath, it is a statutory oath, not the one required by Article I, § 9 of the Constitution of those who hold offices of profit or trust.[6]
The general duties of a deputy clerk are not set forth in any statute or rule and thus would not constitute the exercise of State sovereignty characteristic of a public office. Two specific statutory functions of a deputy clerk do merit further discussion, however.
One involves marriage ceremonies. Section 2-406(a) of the Family Law Article states as follows:
A marriage ceremony may be performed in this State by:
 (1) any official of a religious order or body authorized by the rules and customs of that order or body to perform a marriage ceremony;
(2) any clerk; or
 (3) any deputy clerk designated by the county administrative judge of the circuit court for the county.[7]
Despite the symbolic importance of the authority to perform a marriage ceremony, the exercise of the authority nevertheless is a ministerial task, involving no exercise of discretion, that the law recognizes need not be performed by a public officer at all.
A second function involves the administration of oaths. Article 70, § 7 requires certain public officers to take their oath of qualification before a clerk of the circuit court or "before one of the sworn deputies of such clerks."[8] In Moser v.Board of County Comm'rs, 235 Md. 279, 282, 201 A.2d 365 (1964), the Court of Appeals pointed to the power of a notary public to administer oaths to witnesses as one of many factors evidencing that a notary held an office of profit. At the time of Moser, however, a notary was a constitutional officer who exercised the duties of the post without supervision. The same cannot be said of a deputy clerk of court. Even when administering official oaths pursuant to Article 70, § 7, a deputy is subject to the supervision and control of the Clerk.
Thus, we conclude that a deputy clerk does not exercise the sovereign power of the State in his or her own right. In our opinion, the position is no longer a public office. Prior opinions indicating a contrary result are overruled.
 III Separation of Powers
Article 8 of the Declaration of Rights provides that "the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other." A deputy clerk of court is not a judicial officer; a deputy neither exercises the power to judge nor otherwise independently exercises the essential powers of the judicial branch. Compare 50 Opinions of the AttorneyGeneral 57, 62-63 (1965) (judicial officers such as examiner, master, and auditor may not serve in the General Assembly) with 65Opinions of the Attorney General 285, 295 (1980) (hearing officer in executive branch may serve in General Assembly, and judge may serve on executive branch advisory body, because the non-officer position does not exercise sovereignty or essential functions of another branch). Therefore, the separation of powers doctrine does not bar a deputy clerk of court from serving in the General Assembly.
 IV Conclusion
In summary, it is our opinion that a deputy clerk of court is not barred by the Constitution from serving in the General Assembly.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Robert A. Zarnoch Assistant Attorney General
_____________________ Jack Schwartz Chief Counsel Opinions and Advice
[1] At present, there is no vacant seat among the members of the General Assembly who represent Washington County. One member has applied for a judicial vacancy, however, raising the possibility of an opening.
[2] A member of the General Assembly holds an office of profit or trust. See 59 Opinions of the Attorney General 121 (1974).
[3] These opinions arose in a variety of contexts, including entitlement to pension benefits as well as restrictions on dual office holding.
[4] Prior to 1990, other indications of public officer status were apparent. For example, deputies were said to have a "term of office," coinciding with that of the Clerk. See 43Opinions of the Attorney General 119 (1958).
[5] Because of the 1990 amendment to § 26, discussed in Part II below, there is no need for us to determine the legal effect on dual office holding of the unique and now repealed provisions in § 26 relating to the Clerk's Office in Washington County.
[6] CJ, § 2-104(b) requires deputy clerks and deputy sheriffs to take a statutory oath. Despite being required to take an oath, deputy sheriffs have not been deemed to hold public office. See Turner v. Holtzman, 54 Md. 148 (1880); 54 Opinions ofthe Attorney General 69 (1969).
[7] The retention of judicial control over the designating of a deputy clerk to perform marriages seems inconsistent with the changes brought about by the 1990 amendments to Article IV, §§ 10 and 26 of the Constitution, which eliminates certain circuit court supervision over the Clerk's office.
[8] Effective October 1, 1997, the provisions of Article 70, § 7 will be revised and transferred to § 16-105 of the State Government Article. See Chapter 31, Laws of Maryland 1997.
 *Page 131