Dear Honorable George W. Della, Jr. State Senator
You have asked for our opinion whether individuals appointed by the Governor to the Board of License Commissioners for Baltimore City while the General Assembly is not in session are subject to confirmation by the Senate.
In our opinion, Senate confirmation is required.
 I Alcoholic Beverages Law
The State Alcoholic Beverages Law, Annotated Code of Maryland, Article 2B, § 1-101 et seq., provides for the appointment of boards of license commissioners ("liquor boards") in Baltimore City and various counties. In relevant part, it states that "the Governor, biennially, by and with the advice and consent of the Senate, if in session, and if not in session, then the Governor alone, shall appoint three persons who shall constitute [the liquor board]." § 15-101(a)(1).[1]
The Governor is to designate one of the appointees as the chairman of the board. § 15-101(a)(2). Each appointee must be a resident and voter of the jurisdiction in which he or she serves. § 15-101(a)(3). The law further provides that "in the case of any vacancies . . . which occur when the legislature is not in session, the Governor shall appoint some eligible person to fill the vacancy during the remainder of the term of the person originally appointed." § 15-101(a)(4).
Except for minor changes in language and format, § 15-101(a) is identical to a prior version of the statute codified at former Article 2B, § 139 (1951).
 II Analysis
It is perhaps possible that the language of § 15-101(a)(1) could be construed to require confirmation only if an appointment is made when the Senate is in session. However, the Court of Appeals and this Office have both construed the prior version of the statute and concluded that Senate confirmation is required if the Governor makes an appointment to a local liquor board when the General Assembly is not in session.
In Nesbitt v. Fallon, 203 Md. 534, 102 A.2d 284 (1954), the Court of Appeals construed § 139, the predecessor of § 15-101. In that case Nesbitt had been appointed to the Anne Arundel County liquor board in November 1952. The Governor submitted his name to the Senate when it convened the following January, along with those of the other two appointees. However, while the Senate confirmed the other two appointees, it rejected Nesbitt's appointment. The Governor then nominated Fallon, whom the Senate confirmed. When Nesbitt refused to leave office, Fallon obtained a writ of mandamus from the circuit court to compel Nesbitt to vacate the office. On an appeal from that decision, Nesbitt argued, among other things, that Senate confirmation was not required for his appointment to the board. Noting that it had applied similar language in the State election law to require confirmation of appointees to the State election board, the Court concluded that § 139 "clearly indicate[s] that confirmation by the Senate is necessary." 203 Md. at 543.
Several years later Attorney General Sybert was asked whether a person who was appointed during a recess of the General Assembly to fill a vacancy on the St. Mary's County liquor board could continue to hold office after the Senate failed to confirm his appointment. The Attorney General recounted the facts and holding in Nesbittv. Fallon and concluded: "Since the Senate's confirmation is necessary to the appointee continuing in office, and since he did not receive it, it is our opinion that his commission expired at the end of the session of the Legislature as provided by Article II, § 11 of the Constitution. . . ." 42 Opinions of the Attorney General 86, 88 (1957).
As indicated above, the language of current § 15-101(a) is identical to that construed by the Court of Appeals in Nesbitt v. Fallon and by Attorney General Sybert in the 1957 opinion. The Court of Appeals and the Attorney General construed that language to incorporate the Governor's power under Article II, § 11 of the State Constitution to make a recess appointment and to acknowledge that Senate confirmation of the appointment cannot occur while the Senate is not in session. Even if the Court of Appeals decision did not otherwise control the answer to your question, the reasoning appears sound and we know of no reason why a different answer would now pertain.
 III Conclusion
For the reasons set forth above, it is our opinion that Senate confirmation is required for an appointment to the Baltimore City liquor board. Recess appointees who are later confirmed when the Senate convenes serve the full term to which they were appointed. Recess appointees who are not confirmed cease their service at the end of the legislative session.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] All statutory citations in this opinion are to Article 2B of the Annotated Code of Maryland. *Page 139