ABRAM RIGGIN et al.

*vs.*

EDWARD P. WYATT et al.

*Mandamus—Right to Office—Time of Appeal.*

Code, art. 5, sec. 44, providing that, from a judgment or order granting or refusing a peremptory mandamus, in a case involving the right or title to a public office, either party shall have a right to appeal within twenty days, requires the appeal to be taken within that time, it thus excluding, in such cases, the application of article 5, sections 2, 3, and 6, giving to either party in a mandamus proceeding a right to appeal within two months.                                               p. 479

If the words of a statute are of doubtful import, the circumstances under which it was adopted, and the evil sought to be redressed thereby, may be considered in ascertaining the legistive intent.                                          p. 478

*Decided November 18th, 1921.*

Appeal from the Circuit Court for Somerset County (Duer, J.).

Mandamus proceeding by Abraham Riggin and. others against Edward P. Wyatt, Mayor of the City of Crisfield, and others. From an order refusing the relief prayed, petitioners appeal. Dismissed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner, Stockbridge, and Offutt, JJ.

*Isaac Lobe Straus,* with whom was *Gordon Tull* on the brief, for the appellants.

*Miles & Myers,* submitting on·brief, for the appellees.

Offutt, J., delivered the opinion of the Court.

The appellants in this case, on July 10th, 1920, filed, in the Circuit Court for Somerset County, a petition for a writ of mandamus for the purpose of having the election and

"qualification" of William H. Pierce as a councilman of the City of Crisfield declared null and void, on the ground that he was not a taxpayer of said city, whereas under its charter only taxpayers were eligible for election to that office. An answer was filed to the petition on July 28th, 1920, and on September 28th, 1920, a general replication was filed, and on the same day the case was submitted to the court without the intervention of a jury.

On the 10th of the following January, this entry was made on the docket in which the proceedings in the case were recorded: "Court finds for defendants and motion and judgment for defendants' costs." On March 4th, 1921, this appeal was taken from that order. On June 2nd, 1921, the court filed a written order, "as of the 10th day of January, 1921, *nunc pro tunc,*" dismissing the petition with costs to the defendants. Since no appeal was taken from the order of June 2nd, and as the docket entries indicate that the court finally disposed of the case on January 10th, we will treat that as a final order.

The appellee has moved to dismiss the appeal on the ground that it was not taken within twenty days from the date of the order appealed from. Since that motion, if well grounded, finally disposes of the case, we will consider it first.

The Code of Public General Laws of Maryland, article 5, section 44, provides that "* * * from every final judgment or order granting or refusing a peremptory mandamus in any case hereafter brought involving the right or title to a public office, either party shall have a right to appeal within twenty days; and on such appeal the clerk of the court shall forthwith transmit the original papers, including the judgment or order to the Court of Appeals, and said Court shall immediately hear and determine the case." Since the petition in this case directly challenges the right of the appellee to hold the office of councilman of the City of Crisfield, which is a "public office," this is a case involving the "right or title to a public office" within the meaning of the statute, and the

only question before us is whether the language of the statute is to be construed as a limitation upon the time within which an appeal can be taken from the final judgment or order in such a case, or whether the right of appeal granted by that section is in addition to rights conferred by other sections of the same article.

In disposing of that question our duty is to ascertain from an examination of the statute what it was that the Legislature intended to do, and to give effect to such intention. *Gill* v. *Cacy,* 49 Md. 243; *Agricultural College* v. *Atkinson,* 102 Md. 560; *Balto. & O. R. R. Co.* v. *Waters,* 105 Md. 404. The principles controlling such an inquiry are firmly settled and have been frequently stated by this Court. In *Agricultural College* v. *Atkinson, supra,* the Court said: "Beyond the words employed, if the meaning be plain and intelligible, neither officer nor court is to go in search of legislative intent; but the Legislature must be understood to intend what is plainly expressed, and nothing then remains but to give the intent effect. If the words of the law seem to be of doubtful import, it may then perhaps become necessary to look beyond them in order to ascertain what was the legislative mind at the time the law was enacted; what the circumstances were under which the action was taken; what evil, if any, was meant to be redressed; what was the leading object of the law, and what the subordinate and relatively unimportant objects. *Cooley on Taxation* (2nd ed.), 264; *Gill* v. *Cacy,* 49 Md. 243; *Smith* v. *State,* 66 Md. 215; *Commercial Building Association* v. *Mackenzie,* 84 Md. 195."

In *Gill* v. *Cacy, supra,* it is said that the legislative intent is "to be collected from the words of the statute, by considering every part of it, as well as the cause or necessity of making the act, as from foreign circumstances."

And in *Balto. & O. R. R. Co.* v. *Waters, supra,* many of the cases decided by this Court, in which these general and familiar principles have been applied, are collected and analyzed.

Coming to the language of the statute under consideration, we must assume that it was intended to have some meaning and effect, and in our opinion that meaning is expressed with sufficient clearness to obviate any real doubt as to what it is.

The subject with which the Legislature was dealing was the title to public offices. It is of the utmost importance to the public that the offices through which its affairs are managed and governed shall not be involved in protracted litigation, to the confusion and detriment of the public service, which would be bound to ensue if the title of the officials selected to occupy such offices and perform their several functions were allowed to remain in abeyance, uncertain and undetermined for long and indefinite periods of time. And as it is practically inevitable that disputes and contentions will arise as to the validity of appointments and elections for filling such offices, it is essential to the public welfare that such disputes and contentions be settled as speedily as possible, consistent with a due regard to the relative rights of the public and the parties to such disputes. When the Legislature came to deal therefore with the question of litigation involving the title to public offices, it did so in the light of these commonplace and familiar principles. When it said therefore that either party should have the right to appeal within twenty days from any order or judgment granting or refusing a peremptory mandamus involving the title to a public office, it must have intended that the right of appeal could only be exercised within that period, for it could have had no other reason for designating the period within which the right of appeal could be exercised. The appellants' contention that sections two, three and six of article 5, Code Public General Laws, giving to either party to a mandamus proceeding the right to appeal to this Court within two months from the date of any final judgment therein, are applicable to the class of cases provided for in that part of section 44 under consideration, is not only inconsistent with the words used,

but also with the purpose for which the provision was adopted. If a party to such a proceeding could appeal at any time within sixty days from the order or judgment, obviously it needed no further legislation to permit him to appeal within twenty days therefrom. And if the only purpose of the provision was to insure an immediate hearing in this Court of cases involving the title to public office, there was no reason for restricting that privilege to appeals taken within twenty days, but on the other hand the longer the appeal was delayed the greater would be the need for a speedy hearing when it was taken. Unless, therefore, the Legislature intended to limit the right of appeal in such cases to twenty days, there was no necessity for referring at all to the time of taking it, and the reference would be entirely meaningless and nugatory. Such a construction would, we think, be unreasonable, and would defeat the intent of the statute and frustrate the purpose of its adoption. In mandamus cases, other than those involving the title to public office, the appeal may be taken within two months from the final determination of the cause, the record transmitted within three months from the entry of the appeal, and the case heard at the first term after the transmission of the record. To have the title to the offices through which the State and its municipalities are governed remain doubtful and undecided for the time which could elapse, under these provisions, before a final determination of the question, would seriously interfere with the due and orderly operation of government, and it was to prevent any such contingency that the provision in question was adopted.

For the reasons stated, in our opinion, appeals from any final judgment or order granting or refusing a peremptory mandamus in any case involving the title or right to public office must be taken within twenty days from such judgment or order, and as this appeal was not taken within that period it must be dismissed.

*Appeal dismissed, with costs to the appellee.*