## ROBERTSON *v.* DORSEY
[No. 152, October Term, 1949.]

272

*Decided May 10, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Paul Robertson* in proper person.

*Daniel E. Klein* and *W. Giles Parker* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment, entered September 30, 1949, for respondent for costs, dismissing on de-

murrer a petition for *mandamus* to require respondent "to vacate the office of minority member of the Board of Election Supervisors of Baltimore City" and to declare that office "vacant until such time as the Republican State Central Committee for Baltimore City submits a list from which a valid appointment is made". On October 29, 1949 this appeal was taken.

Petitioner (so he alleges) is a citizen, voter and taxpayer of Baltimore, files his petition on behalf of himself and all other citizens similarly situated, and is a member of the Republican State Central Committee for Baltimore City. The Committee consists of forty-two members, a majority of whom constitute a quorum. Pursuant to Art. 33, sec. 1(d), Code, 1947 Supp., the Governor on January 14, 1949 requested the Committee to designate at least four eligible candidates for the office of "minority member" of the Board. On January 31, 1949, without any meeting of the Committee, the Governor received a communication, signed by twenty-seven members and the Chairman (not a member) of the Committee, purporting to be a designation by the Committee of four eligible candidates, [including respondent]. On February 2 and February 21, 1949 petitioner, and on February 22, 1949 another member of the Committee, stated to the Governor that no meeting of the Committee had been held. On February 21, 1949, seven of the twenty-seven signers of the communication of January 31, 1949 "withdrew their names", which fact the Governor knew. On February 24, 1949 the Governor "designated" respondent "as his selection for minority member" of the Board. Respondent "took his oath of office on June 6, 1949 and is presently exercising the duties of said office". Petitioner charges that the action of the Governor is invalid and respondent is "illegally performing the duties of minority member" of the Board.

Under Art. 33, sec. 2, 1947 Supp., Supervisors of Elections "hold office for two years and until their successors are appointed and qualified, unless sooner removed * * * by the Governor * * *". It is not stated in

the petition, but it was said—and not disputed—at the argument that respondent was appointed and qualified as Supervisor in 1947 and held office as such at the time he received the subsequent appointment which petitioner charges is invalid. If the action of the lower court were reviewable on the merits, we might be confronted with questions, among others, whether, in a case in which neither the Governor nor the Republican Committee are parties, (a) an office can be declared vacant until the Republican Committee does something it has neglected to do, (b) especially when respondent has continuously held the office under a valid appointment in 1947 "until his successor is appointed and qualified".

Respondent has moved to dismiss the appeal because it was not taken within twenty days. Article 5, section 49 of the Code, (Act of 1870, ch. 263), provides that "* * * from every final judgment or order granting or refusing a peremptory *mandamus* in any case hereafter brought, involving the right or title to a public office, either party shall have a right to appeal within twenty days; and on such appeal, the clerk of the court shall forthwith transmit the original papers, including the judgment or order, to the court of appeals, and said court shall immediately hear and determine the case." Since the petition in this case directly challenges the right of respondent to hold the office of Supervisor of Elections, which is a "public office", (*Truitt v. Collins*, 122 Md. 526, 89 A. 850), this is a case involving the "right or title to a public office" within the meaning of the statute. *Riggin v. Wyatt*, 139 Md. 476, 477, 115 A. 755; *cf. Johnson v. Duke*, 180 Md. 434, 437, 24 A. 2d 304. In *Riggin v. Wyatt*, it was expressly held that the statute is a limitation upon the time within which an appeal can be taken in such a case and the right of appeal granted by the statute is not in addition to rights conferred by other sections of Article 5, *e.g.*, secs. 2 and 3 and sec. 6. (Rule 2 of the Rules and Regulations Respecting Appeals).

Petitioner contends that Rule 2 of the Rules and Regulations Respecting Appeals, as revised, effective January

30, 1945 and ever since, covering "all appeals * * * from any judgment * * * of a Court of Law", covers *mandamus* cases, including this case, and repeals the twenty day limitation under section 49. The words of Rule 2, standing alone, unquestionably are—and were when Rule 2 was first promulgated on October 13, 1869, prescribing a period of nine months for appeals from such judgments (29 Md. [1], XVII)—broad enough to include appeals in *mandamus* cases involving the right or title to a public office. But the Act of 1870 created an exception to the generality of Rule 2 and prescribed a limit of twenty days instead of nine months. We have recently held that the readoption of Rule 2 in 1945—or previously —did not operate as a repeal of a statutory exception. *Grant v. Curtin*, 194 Md. 363, 71 A. 2d 304, 305-306. This conclusion is in accord with the general rule of statutory construction that when statutes are revised, codified or otherwise reenacted the new enactments will be given the same construction as the original statutes unless some substantial change in wording indicates a different intent. *McDonald v. Hovey*, 110 U. S. 619, 628-629, 4 S. Ct. 142, 28 L. Ed. 269.

*Appeal dismissed, with costs.*