## STATE ROADS COMMISSION *v.* LASSITER ET AL.

### [No. 100, October Term, 1950.]

*Decided December 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*J. Clarke Murphy*, Special Assistant Attorney General, with whom were *Hall Hammond*, Attorney General, *Joseph D. Busher*, Special Attorney General, and *D. Eugene Walsh* on the record, for appellants.

*Theodore F. Brown*, with whom were *Brown & Shipley* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal, from a judgment in a condemnation suit entered on July 5, 1950 was filed on July 27, 1950. The transcript was filed in this court on September 27, 1950. The appellees filed a motion to dismiss the appeal, on the ground that it was not taken within ten days, and that the record was not transmitted within thirty days, as required by Code, Article 33A, Section 12. The appellants resist the motion on the ground that the time for taking the appeal was extended to thirty days and the time for transmitting the record to sixty days, by Rule 2 of the "Rules and Regulations Respecting Appeals", first adopted by this court in 1945, and readopted without change in 1947. We advanced the case to hear argument upon the motion.

Similar arguments were advanced in the cases of *Robertson v. Dorsey*, 195 Md.274-275 73 A. 2d 503, 504 and *Grant v. Curtin*, 194 Md. 368-369, 71 A. 2d 304, 306. We held that Rule 2 did not supersede special statutory exceptions dealing with the time for appeal. We think those cases are controlling. We find no merit in the appellant's contention that these cases are distinguishable because the exceptions there considered were each in-

cluded in Article 5 of the Code. Nor do we find a sufficient ground of distinction in the fact that we subsequently amended Rule 2, on February 17, 1950, to expressly modify the statutory exception dealt with in the *Curtin* case, or that the *Robertson* case was based, in part, upon the prior decision in *Riggin v. Wyatt,* 139 Md. 476, 115 A. 755.

It is true that the words of Rule 2, standing alone, are broad enough to include all appeals, and the provisions of section 18, or section 18A, Article IV of the Maryland Constitution, may properly be held to confer the power upon this court to modify or repeal existing statutory provisions as to the time of appeal. But repeals by implication are never favored, and it is significant that in the adoption of the General Rules of Practice and Procedure special provisions were included to indicate specifically the effect on existing laws and rules. Since the power to deal with the subject matter is presumably shared with the legislature, it is peculiarly appropriate that changes in this field should not be left to implication.

In adopting sections 12 and 13 of Article 33A (the latter section having been reenacted in 1945 subsequent to the adoption of Rule 2 containing the thirty day provision), the legislature evidently felt that time was of the essence. In the field of eminent domain the court exercises a special statutory jurisdiction and no appeal to this court lies, in the absence of express grant by the legislature. *Pumphrey v. State Roads Comm.,* 175 Md. 498, 2 A. 2d 668. It was held in that case that the statutory provision was not superseded by a local rule of court imposing a time limit upon signing bills of exception. There is even less reason in the instant case than in the *Robertson* case to spell out an implied repeal.

Whether it is desirable, as the appellant argues, that the time of appeal should be made uniform in all cases, or whether to avoid confusion any exceptions deemed necessary or advisable should be incorporated in the rule itself, are matters that cannot affect the result in the instant case. We may say that the Rules Committee

has been requested to study the matter and make recommendations for the future.

*Appeal dismissed, with costs.*