**Earl D. DAVIDSON, Plaintiff,**

v.

**Officer David KOERBER, Defendant.**

**Civ. A. No. M–77–1527.**

United States District Court,
D. Maryland.

July 12, 1978.

---

**58.** *Cf. State of Delaware v. Pennsylvania, New York Central Transportation Co.*, 323 F.Supp. 487, 496 (D.Del.1971).

Joyce R. Branda, Michael S. Elder and the Legal Services Clinic, Baltimore, Md., for plaintiff.

Robert C. Verderaime, Baltimore, Md., for defendant.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

Plaintiff, Earl C. Davidson, filed, *pro se,* three letters which were received by this Court on June 10, June 14 and July 6, 1977. On September 12, 1977, this Court ordered that plaintiff's letters constituted his complaint and allowed him to proceed *in forma pauperis.*

Plaintiff alleges that on April 7, 1975, he was seated in a wooded area at night when he was addressed by an unidentified voice. He could not see the speaker. As he emerged from the woods, a bright light was flashed in his eyes and he was grabbed and wrestled to the ground. Still unable to identify his attacker, plaintiff freed himself and ran. He picked up a small rock to protect himself against a second attack and was eventually shot, allegedly without warning, in the abdomen. Plaintiff later learned that his attacker was the defendant, police officer David Koerber. Construed liberally the complaint alleges that: (1) the defendant violated his duty by arresting plaintiff without first identifying himself as a police officer, and (2) the defendant used unreasonable force in shooting the plaintiff in the course of the arrest. *See generally Haines v. Kerner,* 404 U.S.

519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Plaintiff concedes that his cause of action accrued on April 7, 1975. *See Cox v. Stanton*, 529 F.2d 47 (4th Cir. 1975).

Defendant Koerber has moved for summary judgment on the ground that these claims under 42 U.S.C. § 1983 are barred by what he argues is the most analogous state statute of limitations, the one year limitation for assault provided by *Md. Cts. & Jud. Proc. Code Ann.* § 5–105 (1974).[1] In opposition, the plaintiff contends that the general three year statute of limitations under § 5–101[2] is most analogous to a claim for relief under 42 U.S.C. § 1983.

Because no congressionally created statute of limitations governs actions brought under the Civil Rights Act of 1871, the federal judiciary has the duty to borrow from analogous state tort law, and consequently it applies the most analogous state statute of limitations consistent with the substantive federal claim. *See* 42 U.S.C. § 1988; *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914) (former codification of § 1983 subject to one year state statute of limitations); *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (§ 1981 and limitations); *Runyon v. McCray*, 427 U.S. 160, 179–182, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1977) (§ 1981 and Virginia limitations); *Robertson v. Wegman*, —— U.S. ——, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (§ 1988 and survival of action).

## I

Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has determined the statute of limitations applicable to § 1983 actions in Maryland. The one reported decision of this district discussing the issue is *McIver v. Russell*, 264 F.Supp. 22 (D.Md.1967).

In *McIver*, Plaintiff sued Baltimore City police officers under 42 U.S.C. § 1983 alleging he had been maliciously beaten, falsely imprisoned and wrongfully prosecuted. Because Plaintiff filed his claim over one year from the alleged incident but less than three years later, the Defendants claimed that the action was barred by the existing Maryland statute, *Md.Ann.Code* art. 57, § 1 (1964 Repl. Vol.), which in part required that an action of assault be brought within one year.[3] On the facts of that case, Judge Kaufman in *McIver* held that the most analogous state claim to the § 1983 action was not assault, but was an action brought pursuant to Article 23 of the Maryland Declaration of Rights.[4] Noting that an Article 23 claim was substantively similar to a § 1983 claim,[5] Judge Kaufman reasoned:

Since the Maryland legislature has provided a three year limitation period for actions, which may exist from time to time, for violations of Article 23 of the Maryland Declaration of Rights, and since the Maryland Court of Appeals has held that such rights are similar to the rights secured by the Fourteenth Amendment of the Federal Constitution and since 42 U.S.C. § 1983 was enacted to provide a cause of action for violation of rights under that federal constitutional amendment, those same three-year Mary-

1. § 5–105. *Assault, battery, libel, or slander.* "An action for assault, battery, libel or slander, shall be filed within one year from the date it accrues."

2. § 5–101. *Three-year limitation in general.* "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

3. Art. 57 § 1 provided, in part: "All actions . . . for . . . violation of the twenty-third, twenty-sixth, thirty-first and thirty-second articles of the Declaration of Rights . . . shall be commenced, sued or issued within three years from the time the cause of action accrued, and . . . all actions of assault, battery and wounding . . . within one year . . . .."

4. Article 23 provides: "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the Land."

5. *See Oursler v. Tawes*, 178 Md. 471, 483, 13 A.2d 763 (1940); *Goldsmith v. Mead Johnson & Co.*, 176 Md. 682, 685–686, 7 A.2d 176 (1939).

land limitations are applicable to actions brought under 42 U.S.C. § 1983.

264 F.Supp. at 32.

After *McIver* in 1974, the Maryland General Assembly revised the *Maryland Annotated Code* statute of limitations provisions by *inter alia*, repealing Article 57, § 1, and enacting the Courts and Judicial Proceedings Article §§ 5–101 and 5–105. Thereafter, in unreported decisions involving claims under § 1983 of assault, judges of this District have sometimes applied the general three year statute of limitations under § 5–101 despite that section's omission of any reference to the Maryland Declaration of Rights; [6] but at other times judges of this district have applied the one year statute of limitation which under § 5–105 specifically governs an action for assault.[7]

## II

The question implied in the conflicting decisions in this district, heightened by Maryland's revision of the pertinent statutes of limitations, and dividing the Courts of Appeals is whether § 1983 created, on the one hand, a new statutory cause of action for deprivation of rights guaranteed by the federal Constitution thereby making most analogous either the general state statute of limitations or the state statutes of limitations applicable to statutorily created causes of action [8] or, on the other hand, a cause of action based on a constitutional tort to remedy analogous common law torts committed under color of state law as well as to remedy violations of duties imposed (or rights guaranteed) by the federal Constitution.[9]

In discussing this question in the context of determining the statute of limitations applicable by analogy to § 1983 in Maryland, this court will consider (a) the present state code and the *McIver* analysis, (b) the implications of Fourth Circuit precedents, and (c) current decisions of the Supreme Court.

---

**6.** *Barnett v. Thomas*, Civil No. B–77–475 (D.Md. May 31 and July 14, 1977) (Appendix A hereto); *Busbice v. State*, Civil No. K–75–469 (D.Md. September 26, 1975) (Appendix B hereto).

**7.** *Barnes v. Prince George's County Sheriff Dept.*, Civil No. N–77–475 (D.Md. April 12, 1977) (Appendix C hereto). *Accord*, Staff Law Clerks, *Prisoner Petitions In The Fourth Circuit*, IV–5 (1977 ed.).

**8.** The Second, Seventh, Ninth, and Tenth Circuits have reached this conclusion. *See Kaiser v. Cahn*, 510 F.2d 282 (2nd Cir. 1974) (N.Y. limitations for liability based on statute); *Swan v. Board of Higher Education*, 319 F.2d 56 (2d Cir. 1963) (same); *Beard v. Robinson*, 563 F.2d 331 (7th Cir. 1977) (applying limitations for statute, not tort); *Wakat v. Harlib*, 253 F.2d 59 (7th Cir. 1958); *Donovan v. Reinbold*, 433 F.2d 738 (9th Cir. 1970) (limitations for statute, not tort); *Smith v. Cremins*, 308 F.2d 187 (9th Cir. 1962); *Crosswhite v. Brown*, 424 F.2d 495 (10th Cir. 1970) (general limitations section). The Sixth and Eighth Circuits apparently have inconsistent decisions. *Compare Glasscoe v. Howell*, 431 F.2d 863 (8th Cir. 1970); *Mason v. Owens-Illinois*, 517 F.2d 520 (6th Cir. 1975), with *Johnson v. Dailey*, 479 F.2d 86 (8th Cir.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); *Carmicle v. Weddle*, 555 F.2d 554 (6th Cir. 1977). The Eighth Circuit has recognized but has declined to resolve the conflict in its decisions. *Clark v. Mann*, 562 F.2d 1104 (8th Cir. 1977).

Maryland has no statute of limitations specifically covering causes of action created by statute. *See Md. Cts. & Jud. Proc. Code Ann.* §§ 5–101 to 5–109 (1974). Although § 5–102 provides a twelve year statute of limitations for suits on a specialty and although in Maryland suits grounded on statutes are "in debt on records of the highest rank . . . and hence specialties," *Sterling v. Reecher*, 176 Md. 567, 569, 6 A.2d 237, 238 (1939), the plaintiff has not asked this court to reconsider the conclusion in *McIver* that suits under § 1983 sounded more in tort and too little in contract, the typical specialty, to warrant application of the 12 year statute of limitations and that the existence of Article 23 and an explicit three year statute of limitations for it made unnecessary a case by case inquiry into the state common law tort analogies to § 1983 claims. *See McIver*, 264 F.Supp. at 30–31 n. 17; Paper 16, at 6 n. 4.

**9.** Plaintiff claims that only Third Circuit consistently reaches this conclusion in the statute of limitations context although the Sixth and Eighth Circuits sometimes reach this conclusion. *See Ammlung v. City of Chester*, 494 F.2d 811, 814 (3rd Cir. 1974); *Howell v. Cataldi*, 464 F.2d 272 (3rd Cir. 1972); note 8 *supra*.

*A. The New Code and the McIver Analysis*

■ In *McIver,* where the plaintiff alleged a malicious beating, an unlawful invasion of his home, and an unlawful arrest by police officers, the court concluded that the federal cause of action under § 1983 was more analogous to the state cause of action under Article 23 [10] than to the state common law cause of action for the tort of assault and battery. 264 F.Supp. at 26–27. The defendant does not present any authority undercutting this conclusion; indeed, it is settled beyond dispute that Maryland's Article 23 protects the same interests as the Fourteenth Amendment and therefore § 1983. *E.g., Northampton Corp. v. W.S. S.C.,* 278 Md. 677, 686, 366 A.2d 377 (1976).

■ The next issue then is what statute of limitations under the 1974 Code Revision would be applied to a cause of action in Maryland under Article 23. Since no other provision of the Code provides a different period of time for an action under Article 23, *see* § 5–102 to 5–108, a civil action under Article 23 must be filed within three years of the time the cause of action accrues, § 5–101. This conclusion is compelled by the express listing of the Article 23 cause of action in the former statute's three year provision, Art. 57, § 1, *supra,* and by the purpose of the 1974 Code Revision. In that Revision, a "blanket three-year provision" was substituted for the former statute's " 'laundry list' of actions" because many of the actions are obscure, because some state statutory actions might not be provided for, and because the general three year provision in the former statute was intended to cover "all causes of action" subject to certain exceptions and needed updating for some modern common law torts. *Md. Cts. & Jud. Proc. Code Ann.* § 5–101, Revisor's Note (1974). Although the Revisor's Notes are not law, Ch. 2, § 19, 1973 Laws of Maryland 1st Special Session, at 430, they are strong and persuasive evidence of the legislative intent. In any event, in the ab-

sence of any language indicating an intent to change the prior law relating to the statute of limitations applicable to Article 23, general rules of statutory construction lead to the conclusion that the revised statute should be given the same construction as the old in this respect. *Welch v. Humphrey,* 200 Md. 410, 90 A.2d 686 (1952); *Robertson v. Dorsey,* 195 Md. 271, 275, 73 A.2d 503 (1950).

*B. Fourth Circuit*

In *Tucker v. Duncan,* 499 F.2d 963 (4th Cir. 1974), the court wrote:

> 42 U.S.C. § 1983 is a right of action for the deprivation of federal constitutional rights. It is not a federal remedy for ordinary state tort claims, for it can vindicate only federal constitutional rights determined under federal substantive law. *See Street v. Surdyka,* 492 F.2d 368 (4th Cir. 1974). Within those confines, however, it is not inappropriate to borrow from state law a developed body of rules governing actionable wrongs and a procedural bar to the assertion of a federal claim of relative triviality.

*Id.* 965 n. 1.

Somewhat earlier in the context of Virginia law, but under similar facts, the court indicated that the § 1983 limitations question turns not on the right of recovery at common law but on the violation of a constitutional right. In *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972), the court concluded:

> "We agree that, to the extent that Almond's § 1983 complaint alleges a violation of his constitutional rights resulting in personal injuries of the type that would be actionable at common law, the Virginia two-year period unquestionably applies. *But this is so, not because there was a right of recovery at common law but because there was a violation of a constitutional right not to be beaten.* We think it follows that the Virginia two-year period applies to all other rights

**10.** The *McIver* court found no provision similar to Article 23 and its express three year statute of limitations in the statutes of limitations of

other states, considered in the context of § 1983. 264 F.Supp. at 27 n. 8.

which may be redressed under § 1983 by the recovery of money damages. . . *This right of recovery depends upon federal considerations, and it is not one which is concerned with the archaic concepts of survivability of the common law."*

459 F.2d at 203–204 (emphasis added).

■ Fourth Circuit precedent, then, independently suggests that a § 1983 cause of action is more analogous to an Article 23 cause of action than to one based on any particular common law tort.

## C. Supreme Court

■ Several current Supreme Court decisions indicate the wrongs for which a remedy is created by § 1983 are peculiarly constitutional in origin drawing their substance from the Fourteenth Amendment and not from state common law tort actions. *See, e.g., Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Monell v. Department of Social Services,* —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## D. Conclusion

■ This court concludes that a § 1983 cause of action is more analogous to a cause of action in Maryland under Article 23 than one for a common law tort. By analogy, therefore, the general three year statute of limitations under § 5–101 applies generally to claims under § 1983. Accordingly, the defendant's motion for summary judgment on the ground of limitations will be denied.

### III

■ Plaintiff was apparently charged with and convicted of assault on an officer and glue-sniffing in connection with the events which occurred on April 7, 1975. Verification of Earl C. Davidson, at 1–2, Paper 15. If self-identification by the officer is an element of a crime, growing out of this incident, of which plaintiff was convicted, the plaintiff may be collaterally estopped from relitigating that issue of fact in this civil case. A schedule will be set for exploration of that question.

### IV

The court is grateful for the able representation of plaintiff on the statute of limitations issue by court appointed counsel, Joyce R. Branda, Esq., Michael D. Elder, Esq., and the Legal Services Clinic.