**Audrey O. LEWIS, et al.**

v.

**Larry L. CLARK, et al.**

**Civ. No. Y–81–2569.**

United States District Court,
D. Maryland.

March 23, 1982.

Allan Heneson, and Charles M. Honeyman, Baltimore, Md., for plaintiffs.

Benjamin L. Brown, and J. Shawn Alcarese, Baltimore, Md., for defendant Mayor and City Council of Baltimore.

Steven A. Allen, Asst. U.S. Atty., Baltimore, Md., for defendant U.S.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

This action arises out of the allegedly wrongful search of plaintiffs' home on August 16, 1972. The alleged participants were Larry L. Clark, a detective for the Baltimore City Police Department, and Wayne A. Ambrose, a special agent of the Bureau of Narcotics and Dangerous Drugs (now Drug Enforcement Administration). Plaintiffs sue, in addition to the officers involved, the Mayor and City Council of Baltimore, as Clark's employer, and the United States of America, as employer of Ambrose. The suits against all the defendants but the United States are brought under Title 42 of the United States Code, §§ 1983, 1985, 1986, and 1988. The suit against the United States is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2674, 2680(h). Plaintiffs claim violations of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

The governmental entities have moved to dismiss, or in the alternative, for summary judgment. The Court will enter summary judgment in favor of the Mayor and City Council of Baltimore because the applicable Statute of Limitations has run.[1] The

---

1. In support of their motion, the Mayor and City Council argue that the Baltimore City Police Department is an agency of the State and

not of the Mayor and City Council of Baltimore. The Court need not reach this issue

Government's Motion to Dismiss will be granted because the conduct giving rise to this action occurred before the applicable section of the Federal Tort Claims Act became effective. A hearing is unnecessary in accordance with Local Rule 6(E).

## FACTS

Larry L. Clark and Wayne Ambrose fabricated a search warrant to search the premises where plaintiffs, father and daughter, lived in August, 1972. The former officials planted heroin in the residence of plaintiffs and "found" the drugs while executing the search warrant. As a result of the raid, criminal charges were brought against plaintiffs. On March 9, 1973, protesting her innocence, plaintiff Audrey Lewis pled guilty to one of the indictments arising of this incident. She received a suspended two-year sentence. The other charges against her, and all the charges against her father, Emerson Vereen, were *nolle prossed.*

In February, 1978, Audrey was called to testify before the Grand Jury of Baltimore City in connection with an investigation of the activities of the officials involved in her arrest. On February 24, 1978, an indictment was returned against Larry Clark charging him with violations stemming from the conduct surrounding plaintiffs' arrest and conviction. As a result of the proceedings against Larry Clark, Audrey Lewis obtained a Writ of Error Coram Nobis setting aside her conviction on December 6, 1978, and her record was expunged. Plaintiffs filed administrative tort claims with the Drug Enforcement Administration on October 27, 1980. This claim was rejected as subject to the exception of 28 U.S.C. § 2680(h), and as not timely filed. All claims under the Federal Tort Claims Act must be filed within two years after such claim accrues. 28 U.S.C. § 2401(b). Plaintiffs then instituted this action in October, 1981.[2]

because of the disposition of the motion on the Statute of Limitations ground.

## DISCUSSION

The claims against the Mayor and City Council of Baltimore are barred by the Statute of Limitations. There is no federal statute of limitations applicable to actions brought under 42 U.S.C. §§ 1983, 1985. Therefore, the courts must apply the analogous statute of limitations of the state where the federal court sits. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir. 1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979). The applicable statute for actions brought under 42 U.S.C. §§ 1983, 1985 in situations alleging violations of due process is the three-year statute of limitations of Md.Cts. & Jud.Proc. Code Ann., § 5–101 (1980); *Davidson v. Koerber,* 454 F.Supp. 1256 (D.Md.1978); *Parish v. Maryland & Virginia Milk Producers Association,* 437 F.Supp. 623 (D.Md. 1977).

Although the time for bringing the action is borrowed from state law, federal law determines the time of accrual of the action. *Cox v. Stanton,* 529 F.2d 47 (4th Cir. 1975). Under the federal rule, the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bireline v. Seagondollar, supra,* 567 F.2d at 263. In the instant case, the alleged conduct took place in 1972, but the action was not begun until October, 1981, much more than three years later.

Plaintiffs argue that they were not aware of the officers' admission of their guilt until October, 1978. Plaintiffs were fully aware, however, of the operative facts surrounding the situation in 1972. Plaintiff Audrey Lewis protested her innocence at the time she pled guilty to one of the indictments against her. It is the awareness of the facts giving rise to the cause of action, and not the awareness that the illegality of the action is conclusively provable that be-

2. The court action was timely filed within the 6-month period allowed by the Federal Tort Claims Act after the administrative agency has rejected a claim. 28 U.S.C. § 2401(b).

717

gins the running of the statute of limitations.[3] *Getz v. Bruch,* 400 F.Supp. 1033 (E.D.Pa.1975). Therefore, the actions brought pursuant to §§ 1983 and 1988 are barred by the statute of limitations. The action under 42 U.S.C. § 1986 is likewise barred because that section contains its own one-year statute of limitations.

■ The pendant state causes of action under the Maryland Declaration of Rights, Articles 24 and 26 are likewise barred by the three-year statute of Md.Cts. & Jud. Proc.Code Ann., § 5–101. *Davidson v. Koerber, supra,* 454 F.Supp. 1256.

■ The claim against the federal government for the actions of the drug enforcement officer must also be dismissed. The Federal Tort Claims Act does not cover acts or omissions of law enforcement officers unless the claim arose on or after the date of the enactment of the amendment to 28 U.S.C. § 2680. The amendment was enacted on March 16, 1974. The claim "arose" when the conduct of the officers took place, in 1972, for the same reason that the statute of limitations began to run at that time.[4] Therefore, plaintiffs have no cause of action against the United States.

For the above reasons, it is this 23rd day of March, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That summary judgment BE, and the same IS, hereby ENTERED in favor of the Mayor and City Council of Baltimore; and

2. That the motion to dismiss by the United States of America BE, and the same IS, hereby GRANTED.

**3.** The very latest date at which the cause of action could have accrued was February, 1978, when Audrey testified before the Grand Jury. At least by this time, she was aware of the identity of those officers who allegedly violated plaintiffs' civil rights by filing false affidavits. This date is also beyond the three-year statute of limitations.

**4.** Even if the claim arose later, the latest date at which it could have arisen was February, 1978. *See* note 3. This puts the administrative claim of October 27, 1980, beyond the two-year statute of limitations of 28 U.S.C. § 2401(b). Although the Government did not plead the statute of limitations as an affirmative defense, it did raise the issue during the motions hearing. The claim against the Government is therefore barred on this ground also.