## SOUTHERN MARYLAND ELECTRIC COOPERATIVE, INC. *v.* ALBRITTAIN, ET UX.

[No. 78, September Term, 1969.]

*Decided December 8, 1969.*

40

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN and SINGLEY, JJ.

*James C. Mitchell,* with whom were *Thomas C. Hayden, Jr.* and *Mitchell & Hayden* on the brief, for appellant.

*Franklin B. Olmsted* for appellees.

MCWILLIAMS, J., delivered the opinion of the Court.

We have here a by-product of a Charles County condemnation case. The appellant (the company), in April 1968, filed its petition to condemn a right-of-way across the land of the appellee upon which it proposed to construct part of an electric transmission line. The case was tried in January 1969 before Bowen, J., and a jury. Witnesses for the company testified that $7,000 would suffice for the damages sustained by the appellee. The inquisition returned by the jury made it $21,100. Stunned by the size of the award the company abandoned the proceeding. Code, Art. 33A, § 13 (a) (1967 Repl. Vol.).

In March 1969 the company, alleging the inability of the parties to agree "as to the proper amount of reasonable legal and appraisal fees incurred by" the appellee, moved the court to determine the amount thereof. Code, Art. 33A, § 13 (d), *infra.* After a hearing Judge Bowen determined that a reasonable attorney's fee would be $4,-000 which amount was thereupon "entered as a part of the costs." From the ensuing judgment for costs the com-

pany has appealed. Although we are inclined to view with compassion the company's obvious vexation, nevertheless we must grant appellee's motion to dismiss the appeal.

The language of § 13 (d), as enacted by Chapter 52 of the Acts of 1963, which in substantially the same language was first enacted by Chapter 526 of the Acts of 1959,[1] is as follows:

> "(d) *Recovery by defendant on account of legal, appraisal and engineering fees.* — Upon the abandonment of a condemnation proceeding, the defendant shall be entitled to recover from the plaintiff the reasonable legal, appraisal and engineering fees actually incurred. If the parties agree as to the proper amount to be recovered by the defendant on account of such fees, they shall file with the clerk of the court a writing evidencing their agreement, and the clerk shall thereupon enter the amount agreed upon as a part of the costs. If the parties cannot agree as to the proper amount to be recovered by the defendant on account of such fees, the matter shall be determined by the court upon motion of either party, and the amount so determined by the court shall be entered as a part of the costs."[2]

1. "31.
   (a) In cases where condemnation proceedings have been filed and the condemning party abandons the acquisition, the defendant or defendants in the condemnation proceedings shall be entitled to recover from the condemning authority reasonable expenses actually incurred as a result of the condemnation proceedings. Such expenses shall be limited to reasonable legal, appraisal and engineering fees actually incurred by the owner of the property because of the condemnation suit. If the condemnor and the condemnee are unable to agree as to the amount of said fees, the matter shall be determined by a Judge of the Circuit Court of the County (or the Superior Court of Baltimore City) in which such proceedings are or were pending."
2. The language of Maryland Rule U26 d is identical.

Few principles of law are more firmly established than the rule in the field of eminent domain that the court exercises a special statutory jurisdiction and that in the absence of an express grant by the Legislature no appeal lies to this Court. *State Roads Commission v. Lassiter,* 196 Md. 552 (1950). In *Pumphrey v. State Roads Commission,* 175 Md. 498, 503 (1938), Judge Offutt, for the Court, said:

> "In other words it [the State Roads Commission] contends that the appellate procedure is governed by the common law and the Law Rules of that court. But that is not the case. Code, art. 33A, sec. 12, prescribing the procedure for an appeal to this court from any judgment entered in a condemnation case tried under the provisions of that article, provides that 'any such appeal shall be entered in writing * * *.' "

> "In view of these explicit and mandatory directions, it is manifest that Rule 29 of the Law Rules of the Circuit Court for Anne Arundel County has no application to an appeal taken under the provisions of Code, art. 33A. The power of that court to try a case under the provisions of that act was not a part of its general jurisdiction as a common law court, *but a special statutory jurisdiction, and unless expressly granted by the Legislature, no appeal from its judgment therein to this court would lie.* Since the Legislature had the power to grant or withhold the right, if it granted it, it necessarily had the power to prescribe the manner in which it should be exercised. It has done that in unmistakable terms, and since the appeal was taken and the exceptions signed in conformity with the provisions of the statute, the motion to dismiss is overruled." (Emphasis added.)

To the same effect *see Simpler v. State ex rel. Boyd,* 223 Md. 456, 460-61 (1960).

The company seeks to finesse the absence of a statute expressly granting a right of appeal by advancing the argument that § 13 (d), *supra,* "confers upon * * * [the appellee] a claim for debt against the * * * [company]" upon abandonment of the proceedings, and that appeals from decision in actions of debt are not a "new, limited statutory authority conferred upon the courts." It seems to us that the company, by choosing to use the word "debt," intends to connote that for which an action of debt or indebitatus assumpsit will lie. In 3 W. Blackstone, *Commentaries* 155 (1825), it is said:

> "The legal acceptation of 'debt' is a sum of money due by certain and express agreement: as by a bond for a determinate sum; a bill or note; a special bargain, or a rent reserved on a lease, where the quantity is fixed and specified, and does not depend upon any subsequent valuation to settle it."

There was no express agreement here but even if there had been it would have been translated, upon its filing with the clerk, directly into a part of the costs of the case, a judgment for which would have been entered upon motion. As it happened the amount was determined by the court and it became automatically a part of the costs and subject to becoming a judgment immediately thereafter. Ordinarily a judgment or decree awarding costs, but making no other adjudication, is not appealable. 4 Am.Jur.2d, *Appeal and Error* § 128 (1962). Of course one ought to be ready to concede that in unusual or bizarre circumstances such a judgment might be appealable but we see no reason to expatiate in that direction. The statute makes it conspicuously clear that this appeal will not lie.

In November 1962 Senator Harry R. Hughes, chairman of the joint committee of the Legislative Council and the Bar Association of Baltimore City, filed the report of his committee's study of the condemnation laws. The report begins by stating that the committee's "study of

condemnation procedures and laws has had a lengthy background." The interest of the Legislative Council as far back as 1955 was noted. The committee, in its report, went on to say that "at its first meeting [it] prepared a list of specific areas of the condemnation laws which it felt warranted discussion." At a hearing held in November 1960, to which the public and "condemning authorities, public and private," were invited a dozen or more speakers "were heard on behalf of condemnors and property owners." "The basic condemnation law [the report continues] found in Article 33A of the Code was enacted in 1914 and is today nearly 50 years old. Procedures under Article 33A are antiquated or unsuitable for use with the modern day pace at which property is condemned."

The committee submitted, as a part of its report, a proposed draft of a new condemnation law which, it said, had been given "careful and thoughtful consideration" and which had "been scrutinized by condemning authorities." The committee and its staff "were warmly and deservedly commended by the Senate Judicial Proceedings Committee, after its public hearing, for their outstanding work on the new code." G. Baker & P. Altfeld, *Maryland's New Condemnation Code*, 23 Md. L. Rev. 309, 310-11 n. 9 (1963). The Legislature repealed the existing Article 33A in its entirety and enacted in lieu thereof substantially the new condemnation code submitted by the committee. It is interesting to note that while a number of sections were amended, in some degree, the committee's text of § 13 (d), *supra*, was enacted without any change. And, as we have pointed out, an earlier version of it had been on the books since 1959. It is interesting also to note that § 8 (b) provides that "[i]f upon appeal the final decision be that the plaintiff is not entitled to condemn the property, a reasonable counsel fee, to be fixed by the trial court, shall be awarded to counsel for the defendant and taxed against the plaintiff together with the other costs of the case." Thus it will be observed that whether the counsel fee is fixed by the court as provided in § 8 (b), or in § 13 (d), in either

instance it becomes a part of the costs to be paid by the plaintiff.

Obviously the right of appeal claimed in the case before us was not "expressly granted," and we are compelled to the conclusion that none was intended. Indeed, having in mind the length of time the revision of Art. 33A was under "careful and thoughtful consideration," the scrutiny of the utilities and the departments of government exercising the power of eminent domain, the knowledge and expertise of the distinguished members of the committee and the attention given to the project by the Legislature, it seems to us wholly unlikely that a right of appeal was ever contemplated. Of course, our decision here may invite further consideration of the matter by the Legislature and, as a result thereof, it may decide to grant the right of appeal but, until that happens, we must assume that the right has been withheld.

*Appeal dismissed.*
*Appellant to pay the costs.*