489 A.2d 1135

**WASHINGTON SUBURBAN SANITARY COMMISSION**

v.

**Daniel M. ROSS, et ux.**

**No. 558, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 4, 1985.

Roger C. Duncan, Hyattsville, for appellant.

Stephen W. Swartz, Silver Spring (John Delaney and Linowes & Blocher, Silver Spring, on the brief), for appellees.

Argued before ALPERT, ROSALYN B. BELL and KARWACKI, JJ.

KARWACKI, Judge.

This appeal arises out of a condemnation action undertaken by the Washington Suburban Sanitary Commission (hereinafter "WSSC") against Daniel M. Ross, and his wife, Elizabeth A. Ross, the appellees and cross-appellants (hereinafter "appellees"). In December of 1982, the WSSC filed a petition for condemnation to acquire a fee simple interest in 4.5 acres of the appellees' real property in Montgomery County for the site of an elevated water storage facility (i.e. a water tower). An affidavit filed by the WSSC explained that there was an emergency need for the water tower due to insufficient water pressure to support firefighting activities in the area. The appellees disputed this claim arguing that if there was any emergency it had already existed for

seven years prior to the filing of the petition. In any case, the appellees vigorously opposed the condemnation proceedings. They successfully opposed the WSSC's motion for an early trial date; they managed to have the court postpone the trial date for more than one year after the filing of the petition; and they filed exceptions to the WSSC's answers to interrogatories, all of which were summarily overruled.

When the WSSC realized the vigor with which the appellees would oppose the condemnation proceedings, it decided to condemn a different piece of property owned by a third party for the water tower location. Thereafter, it filed a "Voluntary Dismissal" of the condemnation action.

Several months later the appellees filed a motion for expenses and attorney's fees pursuant to § 12–109(e) of the Real Property Article of the Maryland Code (1974, 1981 Repl.Vol.) which provides:

> On abandonment of a condemnation proceeding, the defendant is entitled to recover from the plaintiff the reasonable legal, appraisal, and engineering fees actually incurred by the defendant because of the condemnation proceeding. If the parties agree on the proper amount to be recovered by the defendant on account of these fees, they shall file with the clerk of the court a writing evidencing their agreement. If the parties cannot agree on the proper amount to be recovered by the defendant on account of the fees, the court, on motion of either party, shall determine the proper amount. *The clerk shall enter the amount agreed on or determined by the court as part of the costs.*

(Emphasis added). The trial court awarded legal, appraisal and engineering fees in the total amount of $15,595.13 incurred by the appellees in defending the condemnation proceeding. The court denied the appellees attorney's fees they incurred in bringing the claim for fees after the voluntary dismissal had been filed. In his memorandum opinion the trial judge stated that the amount of the fees awarded was determined by allowing $2,500 for appraisal

services, $7,237.78 for engineering services, and $5,857.35 for legal services. The order accompanying the trial judge's memorandum merely stated: "ORDERED that plaintiff shall pay to the defendants herein in accordance with Section 12–109(e) of the Real Property Article of the Code the sum of $15,595.13 for their expenses incurred in these proceedings."

The WSSC contends on appeal that this judgment for costs was not statutorily authorized while the appellees in their cross appeal contend that it was insufficient in amount. The issues raised in challenging the award are:

1. Was the trial court's award of fees authorized by § 12–109?

2. Did the trial court err in not awarding the additional attorney's fees incurred by the appellees in pressing their claim for fees reimbursement?

3. Did the trial court err in denying the WSSC's motion pursuant to Maryland Rule U14 for an early trial date?

We will not decide any of the above issues because we find it necessary to raise, *nostra sponte*, the question of our jurisdiction to hear this appeal and cross-appeal. *Southern Maryland Electric v. Albrittain*, 256 Md. 39, 259 A.2d 311 (1969) (hereinafter *So. Md. Electric*). In that condemnation case the condemnor was "stunned" by the size of a jury award in favor of the condemnee. Consequently, the condemnor abandoned its efforts to obtain a right-of-way across the condemnee's property. Thereafter, the parties were unable to agree "as to the proper amount of reasonable legal and appraisal fees incurred by" the landowner, condemnee. *So. Md. Electric*, 256 Md. at 40, 259 A.2d 311. Pursuant to the authority conferred upon it by the condemnation statute, Maryland Code (1957, 1967 Repl.Vol.), Art. 33A, § 13(d), the trial court held a hearing, determined that the condemnee's reasonable attorney's fees were $4,000, and entered that amount as part of the costs. The condemnor appealed from the ensuing judgment for

costs, but the Court of Appeals dismissed the appeal as not within its statutory jurisdiction.

At the time of the opinion in *So. Md. Electric, supra,* the jurisdiction of the Court of Appeals to hear appeals in condemnation cases was governed by Maryland Code, *supra,* Art. 33A, § 8(a), which stated: *"Right to Appeal —Any party to a condemnation case may appeal from a final judgment or determination to the Court of Appeals in the manner prescribed by the Maryland Rules."*

Presently, this Court's jurisdiction in condemnation cases is governed by the same language quoted above, now recodified as Maryland Code (1981), § 12–107(a) of the Real Property Article. This language is repeated in substantially identical form in Maryland Rule U25, applicable both at the time of *So. Md. Electric* as well as at the time of this appeal.

As in *So. Md. Electric,* the appellant in the instant case has appealed from the trial court's award of attorney's fees and other related fees which, under the statute are assessable as "costs." The Court in *So. Md. Electric,* 256 Md. at 43, 259 A.2d 311, necessarily held that former Art. 33A § 8(a) did not authorize appeals from judgments as to costs in condemnation cases stating:

> Ordinarily a judgment or decree awarding costs, but making no other adjudication, is not appealable. 4 Am. Jur.2d, *Appeal and Error* § 128 (1962). Of course one ought to be ready to concede that in unusual or bizarre circumstances such a judgment might be appealable but we see no reason to expatiate in that direction. The statute makes it conspiciously clear that this appeal will not lie.

Although the language of the prior Art. 33A § 8(a), *supra,* and the present § 12–107(a) appears at first glance to be broad enough to authorize an appeal from *any judgment,* whether it be for costs or otherwise, the interpretation given § 8(a) in *So. Md. Electric* mandates an opposite construction in the case *sub judice.*

In concluding its opinion in *So. Md. Electric,* 256 Md. at 45, 259 A.2d 311, the Court of Appeals stated:

Obviously the right of appeal claimed in the case before us was not "expressly granted," and we are compelled to the conclusion that none was intended. Indeed, having in mind the length of time the revision of Art. 33A was under "careful and thoughtful consideration," the scrutiny of the utilities and the departments of government exercising the power of eminent domain, the knowledge and expertise of the distinguished members of the committee and the attention given to the project by the Legislature, it seems to us wholly unlikely that a right of appeal was ever contemplated. Of course, our decision here may invite further consideration of the matter by the Legislature and, as a result thereof, it may decide to grant the right of appeal but, until that happens, we must assume that the right has been withheld.

Since the Legislature has failed to amend the condemnation statute in any way relevant to this case after the Court issued the above invitation to do so, we can but conclude that the Legislature ratified the Court's opinion by its reenactment of the statute without substantial change. *Herbert v. Gray,* 38 Md. 529 (1873); *Gibson v. State,* 204 Md. 423, 104 A.2d 800 (1954); *St. Joseph Hospital v. Quinn,* 241 Md. 371, 216 A.2d 732 (1966); *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981); *Board of Education of Garrett Co. v. Lendo,* 295 Md. 55, 453 So.2d 1185 (1982).[1] Therefore, since both the appeal and cross-appeal

---

1. Furthermore, amendment and recodification of the statutes generally governing appellate jurisdiction since So. Md. Electric was decided have not affected the decision in that case. In 1969, Md.Code (1957) (1968 Repl.Vol.), Article 5, § 1 stated in pertinent part: "Any party may appeal to the Court of Appeals from any final judgment or determination of a court of law in any civil suit or action."

When the Courts and Judicial Proceedings Article was adopted in 1973 (1st Special Session, ch. 2, § 1), new language was added to the section governing the right to appeal at the suggestion of the Code Revision Commission. That section, 12–301, states in pertinent part:

are from a judgment for costs only, we have no jurisdiction and they must be dismissed.

---

... a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

The "Revisor's Note" following § 12–301 explains the second sentence quoted above:

No change is intended in the general rules as to appealability, with one exception. That exception is contained in the second sentence, permitting an appeal from a decision made in the exercise of original special, limited, statutory jurisdiction.

The present case law is to the contrary; see *Simpler v. State ex rel. Boyd,* 223 Md. 456, 165 A.2d 464 (1960). This rule constitutes something of a trap, in view of the broad general language of both Article 5, §§ 1 and 6, and proposed § 12–301. When legislators create such a jurisdiction, they often may not realize that no appeal will be permitted.

Thus, after the Simpler decision, the legislature adopted ch. 49, Acts of 1962, permitting an appeal from a decision awarding judgment against the Unsatisfied Claim and Judgment Fund Board; see Article 66½, § 7–635. It seems more reasonable to let the broad general language include appeals in such cases unless the legislature expressly decides to deny them. This approach will eliminate the necessity of deciding whether a given jurisdiction is common law or special, limited and statutory; *Monchester Gun Club, Inc., v. Honga River Gun Club, Inc.,* 257 Md. 79, 262 A.2d 312 (1970). It will also permit the repeal of numerous special appeal provisions, such as Article 7, § 18, Article 16, §§ 66K and 84, Article 26, § 70–25, Article 31A, § 7, Article 87, § 15 (last clause), etc.

In Simpler the Court of Appeals held that the Unsatisfied Claim and Judgment Fund Board had no right to appeal a decision by the Circuit Court directing the Board to make payment from the Fund to dependents of a decedent whose death was caused by the negligent operation of an automobile by an uninsured motorist. The Court held that the Circuit Court was acting pursuant to a special statutory jurisdiction and no right of appeal was specified in the statute which conferred that jurisdiction.

Unlike the basis for the decision in Simpler, the rule of non-appealability expressed in So. Md. Electric is founded upon common law, i.e., no appeal will lie from a judgment awarding costs, but making no other adjudication. In *So. Md. Electric,* 256 Md. at 45, 259 A.2d 311, the Court of Appeals specifically relied on the absence of any legislative intent to vary that common law rule so as to permit an appeal from an award of costs in a condemnation case. The Court pointed out that the condemnation statute was carefully drafted and the miscellaneous fees which were to be reimbursed to the condemnee

APPEAL AND CROSS–APPEAL DISMISSED; COSTS TO BE PAID BY THE APPELLANT AND CROSS APPEL-LEE.

when the condemnation was abandoned were specifically and unambiguously made part of the costs.